**Earl F. BOWERS, Plaintiff,**

v.

**A. H. BULL & CO., Defendant.**

United States District Court
S. D. New York.
June 22, 1956.

Jacob Rassner, New York City, for plaintiff. Warren Small, Sunnyside, N. Y., of counsel.

Kirlin, Campbell & Keating, New York City, for defendant. Walter X. Connor, New York City, William D. Hand, New York City, of counsel.

CASHIN, District Judge.

Defendant seeks to transfer this action to the United States District Court for the District of Maryland, sitting in Baltimore, Maryland, for the convenience of parties and witnesses and in the interest of justice under the provisions of Title 28 U.S.C. § 1404(a).

The suit is brought under Section 33 of the Merchant Marine Act, approved June 5, 1920, 46 U.S.C.A. § 861 et seq., 41 Stat. 1007. The injury sued upon was sustained by the plaintiff on July 29, 1954 and allegedly resulted from an unprovoked assault by a fellow seaman on defendant's vessel while berthed in Baltimore, Maryland. The summons and complaint were served on December 8, 1954, and note of issue was filed on March 11, 1955. Plaintiff was a resident of Baltimore, Maryland, at the time the alleged injury occurred and is presently a resident of the State of Pennsylvania, and the defendant has offices both in Baltimore and in New York City.

The defendant alleges the following facts to support its position:—

1. The alleged assault took place in Baltimore;

2. There are ten probable witnesses who are residents of Baltimore;

3. Plaintiff was, at the time of the alleged assault, a resident of Baltimore;

4. Depending upon plaintiff's answers to written interrogatories not served at the time of the hearing of the motion, the defendant might wish to implead the alleged assailant, a Baltimore resident who is not amenable to service of process in this District;

5. Relevant documentary evidence is more readily available in Baltimore.

The plaintiff opposes because:—

1. One material witness is a resident of the State of New York and two material witnesses are residents of Puerto Rico;

2. Relevant records are either in the defendant's New York office or can easily be brought to this District;

3. The plaintiff's expert witness is a resident of New York.

The plaintiff also argues that the defendant's motion should be denied

because the case is on the ready calendar and a transfer would delay the trial of the action. In this connection it should be noted that on November 17, 1955 the defendant served interrogatories on the plaintiff which, as of the date of the argument of this motion, had not yet been answered. Whatever merit this last contention of the plaintiff might have had is dissipated by his own procrastination in supplying the defendant with the information to which the Rules entitle it.

The facts presented in the instant case clearly indicate that the District Court for the District of Maryland is a far more convenient forum then this District.

The motion is granted. Settle order on notice.