Jill FEIN, a minor by her natural guardian Leonard Fein and Charlotte Fein and Leonard Fein in their own right as parents, and Charlotte Fein and Leonard Fein,

v.

PUBLIC SERVICE COORDINATED TRANSPORT.

Civ. A. No. 23658.

United States District Court
E. D. Pennsylvania.
July 31, 1958.

13.   1939, 310 U.S. 113, 127, 60 S.Ct. 869, 876, 84 L.Ed. 1108.

Bernstein & Bernstein, Philadelphia, Pa., for plaintiffs.

Swartz, Campbell & Henry, Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The defendant in a personal injury action has moved, under 28 U.S.C. § 1404(a), to transfer the case to the District of New Jersey. The only reason alleged for the transfer is to enable the defendant to join as third party defendant a person who can be reached by process in New Jersey but not in Pennsylvania. I think it is a sufficient reason.

The plaintiff has cited a number of cases in which somewhat similar applications for transfer were denied. In each of them, although the matter of bringing in a third party defendant was one of the factors, the question of the comparative convenience of the two forums was the controlling consideration.

In the case at bar, the question of comparative convenience is non-existent. The Camden courthouse is not over half an hour's ride from the Philadelphia courthouse.

On the other hand, the ability to implead a third party is a very important consideration. There is no reason why two lawsuits should be needed to dispose of this accident case. The transfer will eliminate a perfectly useless additional trial, and there is nothing whatever by way of convenience of the parties to outweigh that consideration. The "interest of justice" calls for the transfer.

The motion to transfer is granted.