**DEEPWATER EXPLORATION COMPANY et al., Plaintiffs,**

v.

**ANDREW WEIR INSURANCE CO., Ltd., et al., Defendants.**

Civ. A. No. 7598.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 3, 1958.

Terriberry, Rault, Carroll, Martinez & Yancey, Joseph M. Rault, Benjamin W. Yancey, New Orleans, La., for plaintiffs.

Deutsch, Kerrigan & Stiles, Brunswick G. Deutsch, Rene H. Himel, Paul A. Gaudet, New Orleans, La., for defendants.

J. SKELLY WRIGHT, District Judge.

Plaintiff corporations, both of whose principal places of business are in Hous-

ton, Texas, are opposing the transfer[1] of this case to Houston on the ground that it will be inconvenient for them to prosecute it there. Plaintiffs had originally opposed the transfer for the additional reason that they would be prejudiced by the possible application of Texas law to a Louisiana insurance contract. This objection was overcome when defendants agreed that the Louisiana statutory penalties and burden of proof would apply in the transferee court.[2]

This Court, after considering (a) the convenience of the parties and the witnesses, (b) the fact that there is companion litigation[3] already pending in the Southern District of Texas at Houston, and (c) the unavailability to service here, the availability of service there of a proposed third party defendant[4] with whom the primary, if not the only factual issue in suit here will have to be litigated, ordered the transfer[5] to the Southern District of Texas at Houston. In so doing, this Court exercised its discretion in the interest of justice, using the doctrine of forum non conveniens as interpreted in Norwood v. Kirkpatrick,

1. Under 28 U.S.C. § 1404(a) which reads:
"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. Defendants' agreement resulted from the following order of this Court:
"It Is Ordered that this action be transferred to the United States District Court, Southern District of Texas, Houston Division, provided the defendants, within ten days hereof, file in the record in this Court their agreement stipulating (a) that the penalties provided by La. [LSA–]R.S. 22:658 shall be applicable and enforceable in the transferee jurisdiction if the Court there finds the facts to warrant it; and (b) that the burdens of proof incumbent on both plaintiffs and respondents in the action as between them shall, in the transferee court, be and remain, in all respects, as they would in this Court."

3. See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 3 Cir., 189 F.2d 31, 34; Pharma-Craft Corporation v. F. W. Woolworth Co., D.C., 144 F.Supp. 298; Ex parte Pharma-Craft Corp., 5 Cir., 236 F.2d 911.

4. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511, 67 S.Ct. 839, 91 L.Ed. 1055; Fein v. Public Service Coordinated Transport, D.C.E.Pa., 165 F.Supp. 370; Bowers v. A. H. Bull & Co., D.C., 144 F.Supp. 646; Tuck v. Pennsylvania R. Co., D.C., 122 F.Supp. 527; Banachowski v. Atlantic Refining Co., D.C., 84 F.Supp. 444. In Fein v. Public Service Coordinated Transport, the Court said:
"On the other hand, the ability to implead a third party is a very important consideration. There is no reason why two lawsuits should be needed to dispose of this accident case. The transfer will eliminate a perfectly useless additional trial, and there is nothing whatever by way of convenience of the parties to outweigh that consideration. The 'interest of justice' calls for the transfer."

5. In ordering the transfer, this Court stated:
"The primary, if not the only, factual issue in this case concerns the alleged faulty design and construction of the Deepwater No. 2 which allegedly caused her collapse. No other defense is suggested. If, for reasons of estoppel or otherwise, that defense is unavailing, a claim over against the builder by the insurer would present precisely the same factual issue. The efficient administration of justice requires that, where possible, the same set of facts be tried but once. This is so, not only because of the saving in trial time, but also because the trial of the same set of facts by a multiplicity of courts may lead to different findings on those facts by the different courts, findings which, because of the limited factual review, Rule 52(a) F.R.Civ.P. and Seventh Amendment, as well as the final judgment rule, may not be subject to reconciliation on appeal.
"The plaintiffs here both have their principal offices in Houston. The availability of witnesses presents no real problem in a case of this magnitude. In any event, the preponderance of convenience is not decisive one way or the other. The builder, and proposed third party defendant, while not subject to service from this Court, may be served with process issuing from the Southern District of Texas. For these reasons, the motion to transfer under 28 U.S.C. § 1404(a) is granted."

349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, as its guide.[6]

Now, on suggestion of the Court of Appeals for the Fifth Circuit,[7] this Court has been asked to determine whether the order granting the transfer should be certified for appeal under the Interlocutory Appeals Act, 28 U.S.C. § 1292(b).[8] Counsel for movers, in support of their position that the transfer order is appealable, if properly certified by the district judge and permitted by the Court of Appeals, make reference to the legislative history of the Act, particularly the statement of the late Judge John J. Parker, Chairman of the Committee of the Judicial Conference of the United States which sponsored the legislation. Judge Parker, in enumerating before the House Judiciary Subcommittee the types of cases which might be covered by the Act, stated:

> "Fourth, cases of transfer of causes when it is claimed that the transfer is not authorized by law. Congress has recently authorized the transfer of cases from one district to another district, or from one circuit to another circuit, where the circuit to which the case is transferred or the district to which the case is transferred would have had jurisdiction and they frequently claim that the court to which they would have had no jurisdiction. (sic)

> "Several of those cases have gone through the Supreme Court of the

United States. We have held and the Supreme Court of the United States has held, and I know a number of courts of appeals have held, that there is no appeal from these interlocutory orders whether you transfer or refuse to transfer.

> "You have to go on and try the case, and you raise the question on appeal from the final judgment of the case." [9]

Counsel argue that this authoritative statement from the person most responsible for the passage of the legislation supports their position that the Act was designed to cover, among others, interlocutory orders under 28 U.S.C. § 1404(a). A careful reading of Judge Parker's statement, however, will not support the premise that Judge Parker intended the Act to cover all transfers or refusals to transfer under 1404(a). Judge Parker in his statement appears to limit coverage of the Act to those cases in which transfer is ordered and it is claimed that the transferee court "would have had no jurisdiction." Hearings before Subcommittee No. 3, House Judiciary Committee, on H.R. 6238, at p. 9. Obviously Judge Parker was referring to that restriction in 1404(a) which allows the transfer only "to any other district or division where it might have been brought." Judge Parker apparently had in mind testing on interlocutory appeal, in cases where there is "substantial ground for difference of opinion,"

---

6. See also Ex parte Chas. Pfizer & Co., 5 Cir., 225 F.2d 720.

7. Ex parte Deepwater Exploration Company, 5 Cir., 260 F.2d 546.

8. 28 U.S.C. § 1292(b) reads:
"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writ-

ing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." U. S. Code Congressional and Administrative News 1958, p. 6763.

9. Hearings before Subcommittee No. 3 of the Committee on the Judiciary, House of Representatives, on H.R. 6238 at p. 9.

the jurisdiction or venue [10] of the transferee court, rather than have such test await final judgment after the entire case has been fully tried in the transferee court. This apparently is the type of transfer order, which "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation,"[11] Judge Parker was referring to. This is the kind of transfer referred to as "not authorized by law" by Judge Parker in his statement before the Committee, as well as by the Committee itself in its report [12] to the House of Representatives, as distinguished from a discretionary transfer based on a consideration of the doctrine of forum non conveniens, where, as here, there is no question about the jurisdiction or venue of the transferee court. Certainly neither Judge Parker nor the Committee intended that the equitable considerations which motivate the discretion of the district judge in applying 1404(a) be reweighed on interlocutory appeal. Hence the provision in the Act limiting the possibility of interlocutory appeal to orders involving "a controlling question of law."

However much this Court would like to grant plaintiffs an interlocutory appeal from this ruling, since it realizes that the right to appeal on this point after final judgment is illusory,[13] it cannot in good conscience certify that this order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The legislative history of the Act clearly shows that in passing this legislation Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals.[14] The danger of disruptive interlocutory appeals was recognized by the legislative committees and provided against. By requiring the certificate of the district judge, it denied him discretion to allow appeals where the requirements of the certificate are not met.

10. See Ex Parte Blaski, 5 Cir., 245 F.2d 737, 738; In re Josephson, 1 Cir., 218 F. 2d 174, 183–186. Compare Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949; Shapiro v. Bonanza Hotel Co., 9 Cir., 185 F.2d 777.

11. 28 U.S.C. § 1292(b).

12. House of Representatives Report No. 1667 at p. 2.

13. See In re Josephson, supra.

14. Judge Albert Maris of the Third Circuit, in testifying in behalf of the legislation, stated:

"As I look at it, it is giving the judicial establishment an opportunity to look at it and to work this thing out by joint action of the trial court and the appellate court in those very rare cases where it would be very, very important to get those questions settled before we go through a lot of fruitless litigation." Hearings before Subcommittee No. 3 of the Committee on the Judiciary, House of Representatives, on H.R. 6238 at p. 19.

House of Representatives Report No. 1667 on the legislation at p. 2 reads:

"There is made a part of this report a report to the Judicial Conference of the United States, which sponsors this legislation. Your committee adopts with approval the view contained therein that appeals under this legislation should only be used in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not to be used or granted in ordinary litigation wherein the issues raised can otherwise be properly disposed of."