UNITED STATES of America, Appellant,

v.

Ray B. WOODBURY, Appellee.

Misc. No. 820.

United States Court of Appeals Ninth Circuit.

Feb. 2, 1959.

George Cochran Doub, Asst. Atty. Gen., Samuel D. Slade, Alan S. Rosenthal and Seth H. Dubin, Attys., Dept. of Justice, Washington, D. C., C. E. Luckey, U. S. Atty., Portland, Or., for appellant.

King, Miller, Anderson, Nash & Yerke, Portland, Or., for appellee.

Before POPE, HAMLEY and HAMLIN, Circuit Judges.

HAMLEY, Circuit Judge.

The United States of America, defendant herein, has applied to this court for permission to appeal from an interlocutory order entered by the district court during the course of pretrial proceedings. The application is made under 28 U.S.C.A. § 1292(b), enacted September 2, 1958, enlarging the jurisdiction of the courts of appeals to entertain appeals from interlocutory orders.[1] The plaintiff, Ray B. Woodbury, opposes the application, arguing that several of the conditions specified in the statute have not been met.

The action was brought by Woodbury under the Tort Claims Act[2] to recover $863,000 damages. The theory of the action is that the Housing and Home Finance Agency (HHFA) had breached a fiduciary duty owed to Woodbury in connection with the financing of a housing project in Kodiak, Alaska. The government answered, setting up certain defenses[3] and counterclaiming to recover $400,000 damages for breach of a construction contract by a company controlled by Woodbury.

On September 10, 1958, Woodbury filed a motion with the district court, under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., for the production of documents for inspection, copying, or photographing. The documents sought to be produced were " * * * the files containing correspondence, contract documents, interoffice memoranda, intraoffice

---

1. 28 U.S.C.A. § 1292(b), reads as follows:
"When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

2. 28 U.S.C.A., §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680.

3. The pleadings are not before us and we do not know what defenses are asserted in the government's answer.

memoranda and memoranda of meetings and conferences * * *" pertaining to the Kodiak project. Such documents, it was asserted, were in the possession of the HHFA and other named government agencies.

The government opposed this motion on the ground that it was too broad and that Woodbury had not shown "good cause" as required by Rule 34. The district court suggested that the government examine its files and make available to Woodbury all documents of the general nature described in the motion and which the government did not object to producing. This was done and certain documents were made available to Woodbury's counsel. The remaining documents were withheld from Woodbury under a claim of privilege.[4]

All of the withheld documents were made available to the court. After reviewing them, the court, on December 17, 1958, entered an order requiring the government to produce these documents, with certain exceptions not here material. Albert M. Cole, Administrator of HHFA, declined to comply with this order for the reasons stated in his formal claim of privilege. Invoking Rule 37(b) (2), Federal Rules of Civil Procedure, 28 U.S.C.A., Woodbury thereupon moved for an order striking the government's answer and counterclaim.

In response to this motion an order was entered on January 12, 1959, striking the government's answer and counterclaim. For the apparent purpose of enabling the government to apply to this court under § 1292(b) for permission to appeal from that order, the following recital is set forth therein:

"This Order in the opinion of the Court involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[5]

The government's application for permission to appeal from that order was filed in this court on January 17, 1959.

Under § 1292(b), a court of appeals may not grant permission to appeal from an interlocutory order not included under paragraph (a) of that section unless the order sought to be reviewed contains certain recitals. One of the required recitals is that in the opinion of the district judge the order involves "a controlling question of law." The district judge who entered the order of January 12, 1959, included such a recital in that order.

The government here argues, and the district judge presumably believed, that the "controlling" question of law which such an appeal would present is whether the government is entitled to withhold the documents under a claim of privilege. Woodbury argues that this is not a "controlling" question within the meaning of § 1292(b).

The opinion of the district judge that a controlling question is involved, while deserving of careful consideration, is not binding upon this court when we are called upon to exercise our discretion under the statute.[6] We accordingly re-examine that point.

4. It was the government's position that the documents so withheld were within at least one of three assertedly privileged classes: (1) Internal operating memoranda or reports, (2) internal legal memoranda and opinions, or (3) reports of investigations and audits, confidential credit and financial data.

5. The order of January 12, 1959, also contains this additional provision:
"It is ordered that the Order striking the defendant's answer and counterclaim is without prejudice to the defendant's right to apply for reinstatement thereof if the defendant should by appeal be supported in its failure to produce the aforesaid documents, or if on exhaustion of all rights of appeal the defendant produces such of the disputed papers as the final ruling may require it to produce."

6. See Senate Report No. 2434, 85th Cong., 2d Sess., accompanying H.R. 6238, which later became § 1292(b) (1958 United States Code Congressional and Administrative News, page 5255). The view was there expressed that under this leg-

■ Section 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration during the early stages of litigation of legal questions which, if decided in favor of the appellant, would end the lawsuit.[7] Examples of such questions are those relating to jurisdiction or a statute of limitations which the district court has decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case.[8]

■ But we do not hold that a question brought here on interlocutory appeal must be dispositive of the lawsuit in order to be regarded as controlling. The senate report referred to in footnote 6 cites as one instance in which § 1292(b) may be applied a district court order granting or denying a motion to join a third party defendant. In Deepwater Exploration Co. v. Andrew Weir Ins. Co., Ltd., D.C.E.D.La., 167 F.Supp. 185, it is indicated that an interlocutory order transferring a cause from one district to another may be appealed under § 1292(b) if it is claimed that the transferee court does not have jurisdiction. In neither of these instances would reversal be dispositive of the case, yet the questions may nevertheless be considered as controlling.

In United States v. View Crest Garden Apts., Inc., 9 Cir., 265 F.2d 205, permitted an interlocutory appeal under § 1292 (b). That was a mortgage foreclosure suit brought by the United States. The order appealed from constituted a determination that the rights of the United States were to be governed by state instead of federal law. As a result the district court denied an application for a receivership which might otherwise have been granted. That basic determination as to the applicable law might also have led to other results seriously affecting the relief otherwise available to the government.[9]

There was accordingly the prospect that unless the order in the View Crest case were reversed in the early stages of the suit all or a part of the fruits of the litigation would be lost to the plaintiff. The question was therefore regarded as controlling, though the answer to it could not dispose of the case.

■ In our view the question of privilege which the government now would have us review involves nothing as fundamental as the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law shall be applied.

The issues of this lawsuit and the ability of the court to render a binding decision therein are in no way affected by the order to produce documents. The documents are in existence and compliance with the order is possible, though it may be a tactical disadvantage to have to do so. Only if the government chooses to stand on its claim of privilege will its legal position be affected—for then its pleadings will be stricken.

We recognize that the order to produce documents confronts the government with a perplexing dilemma.[10] But litigants have always had to deal with dif-

islation the court of appeals may deny an application "upon a view that the question involved was not a controlling issue." (Page 5257)

7. See the report of the Judicial Conference of the United States to the Senate Committee on the Judiciary, attached to Senate Report No. 2434, referred to in footnote 6.

8. Senate Report No. 2434, supra, page 5256.

9. For example, it was claimed that the defendant would probably be granted the one-year right of redemption provided for by state but not federal law.

10. As pointed out in the government's application:
"* * * If interlocutory appeal is not permitted, the Government must choose between producing documents which, it believes, are rightly privileged, or standing on its claim and chancing a loss of at least $863,000 if its claim of

ficult choices of this kind as a result of orders entered prior to or during trials. Nothing in the statute or in its legislative history indicates that § 1292(b) was designed to relieve the parties from such hazards.[11]

In our opinion the claim of privilege here asserted is collateral to the basic issues of this case, and cannot be regarded as presenting a "controlling question of law" as those words are used in the statute.

Having reached this conclusion, we express no opinion as to the other reasons advanced by the defendant why this application should not be granted.[12]

Under § 1292(b) it is not required that we express our reasons for granting or denying an application for permission to take an interlocutory appeal.[13] We have done so here because the statute is new and some decisional guidance at the outset may be helpful.

Rule 38, Rules of the United States Court of Appeals for the Ninth Circuit, 28 U.S.C.A., which became effective on January 29, 1959, will hereafter govern applications under § 1292(b).

The application is denied.

privilege is not sustained on appeal. Of course, if the Government succeeds on appeal, the matter here involved will be concluded. But even if the Government does not succeed, at least the question for administrative decision will be clarified for the agency officials will then know, without doubt, that they must either produce the documents, or forfeit the government's opportunity to defeat the appellee's claim and secure a judgment of its own."

11. That § 1292(b) is to be applied sparingly and only in exceptional cases, see Milbert v. Bison Laboratories, Inc., 3 Cir., 260 F.2d 431; Bobolakis v. Compania Panamena Maritima San Gerassimo, D.C.S.N.Y., 168 F.Supp. 236; and Kroch v. Texas Co., D.C.S.N.Y., 167 F. Supp 947. As Judge J. Skelly Wright said in Deepwater Exploration Co. v. Andrew Weir Ins. Co., Ltd., supra, 167 F. Supp. at page 188:
"* * * The legislative history of the Act clearly shows that in passing this

legislation Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals. * * *"

12. Nor do we express any opinion as to whether, if a final judgemnt is entered dismissing the counterclaim because of the striking of the government's pleading, an immediate review of such judgment could be had under Rule 54(b), Federal Rules of Civil Procedure, 28 U.S. C.A. See School District No. 5 v. Lundgren, 9 Cir., 259 F.2d 101.

13. In the senate report referred to in footnote 6, it is said:
"It should be made clear that if application for an appeal from an interlocutory order is filed with the court of appeals, the court of appeals may deny such an application without specifying the grounds upon which such a denial is based. * * *"