**Vera J. HOKANSON, Plaintiff,**

v.

**HELENE CURTIS INDUSTRIES, INC.,
Defendant.**

United States District Court
S. D. New York.
Oct. 14, 1959.

Mendes & Mount, New York City, John J. Cullen, New York City, of counsel, for defendant.

SUGARMAN, District Judge.

Defendant Helene Curtis Industries, Inc., moves (Motion No. 205) for an order under 28 U.S.C. § 1404(a) "transferring the * * * cause to the United States District Court for the Northern District of Illinois, Eastern Division, on the ground that such transfer is for the convenience of parties and witnesses in the interest of justice * * *."

Plaintiff Vera J. Hokanson cross-moves (Motion No. 78) for an order "transferring the * * * cause to the United States District Court for the State of Nebraska, Omaha Division, on the ground that such transfer is for the convenience of the parties and witnesses thereto * * *."

The motion papers establish that plaintiff is a resident of Nebraska, who claims to have been injured by a deodorant manufactured by defendant in Illinois and purchased and used by plaintiff in Nebraska; that plaintiff's witnesses at the trial will be doctors who treated her in Nebraska; that defendant is an Illinois corporation with its office and principal place of business in Chicago; that defendant's manufacturing processes, laboratory work and main corporate activities are carried on in Illinois and not in New York; and that defendant expects to call as witnesses at the trial its Quality Control Supervisors and Chemists, all located in Chicago, to testify as to the method and high standards of care exercised in the preparation and manufacture of the product involved.

### The Plaintiff's Cross-Motion to Transfer to Nebraska

Is the District Court for Nebraska, at Omaha, a district or division where the action might have been brought?[1] The action, being one by a citizen of Nebraska against a citizen of Illinois for more than $10,000, meets the diversity requirement.[2]

Friedman, Lipsig, Bernstein & Friedman, New York City, Daniel A. Lipsig and Andrew A. Gore, New York City, of counsel, for plaintiff.

1. 28 U.S.C.A. § 1404(a).

2. 28 U.S.C.A. § 1332(a) (1).

The sole plaintiff's residence in Nebraska meets the venue requirement.[3] However, it is admitted that service of process could not be effected upon the defendant in Nebraska. In the absence of a waiver[4] by defendant of the requirement for valid service of process[5] in Nebraska, the action could not have been brought there.

■ The plaintiff's cross-motion for transfer to the District Court of Nebraska is denied.

### The Defendant's Motion to Transfer to Illinois

■ This action could have been brought in the Northern District of Illinois, Eastern Division. In balancing "the convenience of parties and witnesses" the Illinois district is apparently more convenient to all parties and their witnesses than is the Southern District of New York. However, that is not the sole test. The "interest of justice" must also be served. Two factors persuade me that the granting of the defendant's motion unconditionally would not be in the interest of justice. The first is the financial condition of the plaintiff. Her affidavit shows that she is a self-supporting person of modest income who has incurred expenses of over $3,600 in connection with her alleged injury. She has already employed attorneys in Nebraska and in New York to prosecute her claim. If defendant's motion is granted, plaintiff will have to employ additional attorneys to represent her in Illinois.

The second is plaintiff's contention that her action would be time-barred in Illinois but is not subject to such defense in this district. Justice requires that if the defendant's request be granted, it be on fair terms.

■ The defendant's motion therefore is granted but on condition (1) that defendant forthwith pay to the plaintiff reasonable attorneys' fees for the services performed for her to date by her New York counsel;[6] (2) that defendant stipulate that the statute of limitations which this court would apply, were the action to remain here, shall be applied in the transferee court; (3) the clerk of this court shall not transfer the file[7] to the United States District Court for the Northern District of Illinois, Eastern Division, until (a) plaintiff's New York attorneys certify in writing to the clerk that plaintiff has received from defendant the attorneys' fees as provided in (1), supra, and (b) defendant's attorneys file the stipulation as provided in (2), supra; otherwise the defendant's motion is denied.

Settle an order.

---

3. 28 U.S.C.A. § 1391(a).

4. Cf. McGee v. Southern Pacific Company, D.C.S.D.N.Y.1957, 151 F.Supp. 338.

5. F.R.Civ.P. 4(d) (3), 28 U.S.C.A.

6. If the parties cannot agree upon a *quantum meruit* evaluation of plaintiff's New York attorneys' services, this court will take proof thereon and determine the same.

7. General Rule 7 for the Southern and Eastern Districts of New York.