**Edd SHOEMAKER, Plaintiff,**

v.

**LUCKENBACH STEAMSHIP COMPANY, Inc., Defendant.**

United States District Court
S. D. New York.
Jan. 7, 1960.

Jacob Rassner, New York City, for plaintiff.

Burlingham, Hupper & Kennedy, New York City, William M. Kimball, New York City, of counsel, for defendant.

SUGARMAN, District Judge.

Despite the delay in bringing on the instant motion,[1] I am persuaded that the convenience of parties and witnesses dictates the conditional[2] granting of defendant's motion "for an Order under Section 1404(a) Title 28, United States Code, transferring this action to the United States District Court for the Southern District of Alabama, Southern Division".

The only real opposition to the motion is based on plaintiff's attorney's statement that:

"Plaintiff has made all arrangements to proceed with the trial in New York and will be seriously prejudiced and put to a great deal of expense in preparing for trial and having new counsel unfamiliar with the facts and the background of this case, in place of an attorney who has lived with the case for some two years and is thoroughly familiar with the case.

\* \* \* \* \* \*

"The medical proof that the plaintiff intends to offer is substantially and almost entirely predicated on the testimony of doctors residing in New York City. \* \* \*"

The defendant's delay in making this motion and the plaintiff's attorney's preparation for trial during that delay require that, in the interest of justice, the granting of the motion be conditioned:

(1) upon the defendant forthwith paying to the plaintiff reasonable attorney's fees for the services performed for him to date by his New York counsel;[3]

(2) upon the defendant forthwith reimbursing plaintiff for reasonable fees incurred to medical specialists in preparation for trial in this district;[4]

(3) that the clerk of this court shall not transfer the file[5] to the United States District Court for the Southern District of Alabama, Southern Division, until plaintiff's New York attorney certifies in writing to the clerk that plaintiff has received from defendant the attorney's fees as provided in (1), supra, and the medical specialists' fees as provided in (2), supra;

otherwise the motion is denied.

Settle an order.

---

1. Cf. Molloy v. Bemis Bro. Bag Company, D.C.S.D.N.Y.1955, 130 F.Supp. 265, 269.

2. Hokanson v. Helene Curtis Industries, Inc., D.C.S.D.N.Y.1959, 177 F.Supp. 701.

3. If the parties cannot agree upon a *quantum meruit* evaluation of plaintiff's New York attorney's services, this court will take proof thereon and determine the same.

4. If the parties cannot agree upon a *quantum meruit* evaluation of the fees of medical specialists, this court will take proof thereon and determine the same.

5. General Rule 7 for the Southern and Eastern Districts of New York.