**SEA PINES OF VIRGINIA, INC.,**
**Plaintiff,**

v.

**PLD, LTD., et al., Defendants.**
**No. 75–279–Civ.–J–R.**

United States District Court,
M. D. Florida,
Jacksonville Division.

July 3, 1975.

Joseph M. Glickstein, Jr., of Glickstein, Crenshaw, Glickstein, Fay & Block, Jacksonville, Fla., W. Hale Barrett and David M. Zacks of Hull, Towill, Norman, Barrett & Johnson, Augusta, Ga., for plaintiff.

Davisson F. Dunlap and Darryl M. Bloodworth, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, Fla., for defendants.

## MEMORANDUM OPINION

REED, District Judge.

On 24 June 1975 the court heard the plaintiff's Motion for Preliminary Injunction filed herein on 17 June 1975 and the defendants' Motion to Dismiss filed herein on 2 June 1975 as amended on 10 June 1975.

The plaintiff sought a preliminary injunction to prevent the defendants from accelerating the amount due on a purchase money promissory note given by the plaintiff to the defendants in partial payment for the purchase price of the defendants' interest in a limited partnership. The note called for five annual installments, the second of which fell due on 27 June 1975. The plaintiff's complaint alleged that the plaintiff did not intend to pay this installment (paragraph 29). As a result, the plaintiff desired a preliminary injunction to ward off the consequences of nonpayment.

■ Without delineating the evidence offered in support of the Motion for Preliminary Injunction, suffice it to say that the evidence was insufficient in two particulars. First, the evidence left it far from clear that the defendants had made misrepresentations to the plaintiff as alleged in the complaint. Secondly, it did not appear from the evidence that irreparable harm would flow from the denial of the preliminary injunction. Even if the defendants should accelerate the note in question, this Court under its general powers as a court of equity can relieve the plaintiff from the consequences of its default, if the plaintiff prevails on its claims herein. Further-

more, by reason of the Court's in personam jurisdiction over the defendants, the Court has the power to enjoin the defendants at a subsequent time, should the defendants seek to pursue collection efforts on the note by any actions outside the confines of the present lawsuit. Thus, the prerequisites for a preliminary injunction have not at this point been demonstrated by the plaintiff. See *Canal Authority of State of Florida v. Callaway*, CA5, 1974, 489 F.2d 567, 572.

■ For the purpose of passing on the defendants' Motion to Dismiss, the facts alleged in the complaint must be taken as true. According to the complaint, on 27 June 1973, the plaintiff bought from PLD, Ltd. the latter's fifty percent interest in "Swift Creek" which was a partnership formed to acquire and develop for residential use a large tract of land in Chesterfield County, Virginia. In a related transaction, the plaintiff bought a forty percent interest in Swift Creek from Swift Creek Development Corporation. Thus, the plaintiff, by virtue of related transactions, became the ninety percent owner of the Swift Creek development.

As part of the consideration for the purchase, plaintiff executed and delivered to PLD a promissory note payable to PLD in the principal amount of $1,543,000.00. This note called for four annual installments of $300,000.00 and a fifth annual installment in the amount of $343,000.00.

The purchase and sale agreement used to memorialize the transaction between the parties allegedly made certain representations of material fact which the plaintiff alleges were false when made. These representations, the plaintiff alleges, were relied upon by it to its detriment.

The complaint and attachments indicate that the plaintiff and the defendants dealt at arms length in the sense that they were unrelated entities, neither owing a fiduciary obligation to the other.

On these facts, the plaintiff predicates three theories of recovery. The first count is based on an asserted violation of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5 enacted by the Securities and Exchange Commission pursuant to the authority of Section 10(b). Counts 2 and 3 of the complaint respectively proceed on theories of breach of warranty and fraud in the inducement.

From the court's review of the complaint and the oral and written argument of counsel, it is of the opinion that Counts 2 and 3 are sufficient to withstand a motion to dismiss. The court is of the opinion that Count 1 does not state a claim upon which relief may be granted and should be dismissed.

With respect to Count 1, the plaintiff claims that because certain representations in the purchase and sale agreement were false, the transaction between it and PLD violated Rule 10b–5. The plaintiff took the position in oral argument and in its memorandum filed herein on 16 June 1975 that the installment note is a security within the meaning of the Securities Exchange Act of 1934 and that the misrepresentations surrounding its transfer to the defendants constituted a violation of Rule 10b–5.

■ The critical question with respect to Count 1—which this court answers in the negative—is whether or not the purchase money note is a "security" within the contemplation of the 1934 securities act and Rule 10b–5. The resolution of this question depends on the investment or commercial nature of the note. See *McClure v. First National Bank of Lubbock, Texas*, CA5, 1974, 497 F.2d 490, 495.

As indicated by the *McClure* case supra, an investment note generally takes the form of a note offered to some class of investors who are motivated to acquire the same for investment purposes. A note, according to *McClure*, may also be a security if it was issued to obtain "investment assets."

■ In the present case, the note could hardly be considered to have been issued to a class of investors. As indicated above, the note was simply used as a cash substitute for the purchase price of the defendants' interest in a real estate development. It is obvious that the acquisition of the note was not the motivating factor insofar as the defendants were concerned. Their major interest was in the receipt of the purchase money and not the evidence of indebtedness therefor.

■ It is equally apparent that the interest acquired by the plaintiff was not an "investment asset" in the sense that the asset itself could be considered to be a security within the concept of the Securities Exchange Act of 1934. The United States Supreme Court recently reaffirmed the definition of investment contract which it had announced in *S.E.C. v. W. J. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244, 1967, and related the definition to all securities. Thus, in *United Housing Foundation, Inc. et al. v. Milton Forman, et al.*, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 621, 1975, the Court said:

> "This test (i. e., the Howey test), in shorthand form, embodies the essential attributes that run through all of the Court's decisions defining a security. The touchstone is the presence of an investment in a common venture premised on a reasonable expectation of profits to be derived from the entreprenurial or managerial efforts of others. . . . By contrast, when a purchaser is motivated by a desire to use or consume the item purchased—'to occupy the land or to develop it themselves,' as the Howey Court put it . . .—the securities laws do not apply. . . . "

■ There is possibly another basis on which the installment note should be considered as beyond the broad definition of the term security found in the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The definition of the term "security" excludes by express

provision "currency." The note in the present case, as shown by the allegations in the complaint, was given as a part of the purchase price of the defendants' interest. It is, therefore, not unreasonable to consider the note to have been a cash substitute and thus within the exclusion for currency. See *C.N.S. Enterprises, Inc. et al. v. G. & G. Enterprises, Inc., et al.*, CA7, 1975, 508 F.2d 1354, Section 1363.

Finally, the opinion in *Bellah v. First National Bank of Hereford, Texas*, CA5, 1974, 495 F.2d 1109, 1114 supports the conclusion that the note here involved was not a security. In *Bellah*, the court of appeals held that notes issued in the context of a commercial loan transaction originated for the purpose of permitting the borrower to develop a livestock business were not securities within the confines of the Act. Although the note in the present case was a purchase money note and, therefore, did not evidence a loan from a third party, in all other respects the present transaction would appear to involve nothing more than a commercial loan similar to that involved in the *Bellah* case.

This court has some difficulty in distinguishing the decision in *Rekant v. Desser*, CA5, 1970, 425 F.2d 872. There, however, what probably turned the decision was the alleged insider fraud to the detriment of investors in the corporation which was induced to execute a note to its president for a grossly inadequate consideration. If this is a correct analysis of the *Rekant* decision, it would appear that Rekant would not govern the present case which, as mentioned above, involves an arms-length transaction between unrelated groups.

The attorneys for each of the parties to this cause have advised the Court that they may desire to appeal from the order of the Court on the Motion to Dismiss as it relates to Count 1 of the complaint. While the order will not be dispositive of the entire action, it will dispose of the right of the plaintiff to proceed on the theory embodied in Count 1. The issue on which the motion turns, therefore, presents a controlling question of law within the provisions of 28 U.S.C. § 1292(b), *United States v. Woodbury*, CA9, 1959, 263 F.2d 784, 787, and one which involves a substantial ground for differences of opinion. Additionally, it is the opinion of the court that an immediate appeal from the order may materially advance the ultimate termination of this litigation.