145 F.3d 1337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny Robert GARCIA, Plaintiff-Appellant,
v.
Steven CAMBRA, Jr., Warden; Brittle, Officer; James H.
Gomez, Director, Dept. of Corrections, Defendants-Appellees.
 No. 97-16472.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the Northern District of California.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 CHESNEY, J. Presiding
 
 
 1
 Johnny Garcia, a California state prisoner, appeals pro se the district court's dismissal on res judicata grounds of his petition for a writ of habeas corpus (construed by the district court as a 42 U.S.C. § 1983 action) alleging defendants violated his constitutional rights. We have jurisdiction pursuant to 21 U.S.C. § 1291, we review de novo, see Western Radio Servs. Co. v. Glickman, 115 F.3d 1422, 1426 (9th Cir.1997), and we affirm.
 
 
 2
 The district court properly concluded that Garcia is barred from relitigating his Fifth and Fourteenth Amendment claims that he raised in state habeas proceedings. See Silverton v. Department of the Treasury of the United States, 644 F.2d 1341, 1346 (stating that a habeas decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action).
 
 
 3
 The district court did not err by dismissing Garcia's 8th Amendment and UN treaty claims pursuant to 28 U.S.C. § 1915A.[1]
 
 AFFIRMED.[2]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 Because the district court did not state whether these claims were dismissed as frivolous or for failure to state a claim, the standard is either abuse of discretion, see Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995), or de novo, see Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) (per curiam). Under either standard, the district court did not err
 
 
 [2]
 The district court did not abuse its discretion by denying Garcia's attempt to take an interlocutory appeal from dismissal of the claims. See United States v. Woodbury, 263 F.2d 784, 787-88 (9th Cir.1959)