**Stewart A. DALIE, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**PULTE HOME CORPORATION, Del Webb Homes; Pulte Mortgage; Del Webb Home Finance; Del Webb Mortgage Corporation; and Does 1–1,000, inclusive, Defendants.**

No. CIV. S–08–337 LKK/GGH.

United States District Court, E.D. California.

June 9, 2009.

Barbara E. Rutkowski, PHV, Thomas M. Hefferon, PHV, Goodwin Procter LLP (DC), Washington, DC, Robert Brett Bader, Susanne Noyes Geraghty, Goodwin Procter LLP (SF), San Francisco, CA, for Defendants.

## ORDER

LAWRENCE K. KARLTON, Senior District Judge.

Plaintiffs are alleged to be homebuyers who have brought suit against defendants on the basis of the latter's purportedly unlawful compensation arrangement. On

April 28, 2009, the court granted defendant's motion to strike the class allegations from the complaint, holding that the class action waiver contained in the plaintiffs' valid arbitration agreements was enforceable and barred the plaintiffs from proceeding as a class. It is this order that plaintiffs request the court to certify for interlocutory appeal.

## I. BACKGROUND

The court described the plaintiffs' allegations in detail in its October 9, 2008 order. Briefly stated, plaintiffs allege that defendant Marquette Title Insurance was the "captive" reinsurer of the remaining defendants, a feature of which was an allegedly improper, undisclosed fee-splitting arrangement between them.

Shortly after the case's removal to this court, defendants moved to dismiss or stay the case pending arbitration. The court reviewed the arbitration agreements and concluded that they are enforceable. Nevertheless, because the case was pled as a class action, arbitration could not be ordered immediately. Instead, following California authority, the court determined that it was appropriate to delay ordering the parties to arbitration until the class certification issues were resolved, because "[b]ased on that ruling, the court may then determine who must be compelled to participate in arbitration, including whether or not there may be a subclass whose disputes do not require arbitration." Order, Oct. 9, 2008 at 18.

Plaintiffs then, with leave of court, filed an amended complaint replacing the named plaintiffs. Defendants again moved to dismiss this complaint. In that motion, defendants raised for the first time that the class action waivers included in the arbitration agreements required the court to strike the class allegations, insofar as the plaintiffs sought damages.[1] The court again analyzed the entirety of the arbitration agreements and concluded that they were not unconscionable under California law. The court then considered whether the class actions waivers themselves were unenforceable and concluded that they were not, as under California law a class action waiver is only unenforceable in a narrow set of circumstances involving adhesive consumer contracts. *See Discover Bank v. Superior Court,* 36 Cal.4th 148, 162–63, 30 Cal.Rptr.3d 76, 113 P.3d 1100 (2005); *Shroyer v. New Cingular Wireless Servs., Inc.,* 498 F.3d 976, 983 (9th Cir. 2007) (applying California law). Accordingly, the court struck the class allegations (except as to injunctive relief) and ordered the case stayed pending the conclusion of arbitration.

## II. STANDARD

 Generally, a party may seek review of a district court's rulings only after a final judgment has been entered. *In re Cement Antitrust Litigation,* 673 F.2d 1020, 1027 (9th Cir.1982). In rare circumstances, however, the district court may certify an order for interlocutory review under 28 U.S.C. § 1292(b). *See id.* Certification for appeal is appropriate where the "order involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[I]n order for a question to be 'controlling'" it must be shown that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust*

---

1. The court had previously determined that plaintiffs' claims seeking injunctive relief were not arbitrable.

*Litigation,* 673 F.2d at 1026. The issue need not be "dispositive of the lawsuit in order to be regarded as controlling," but it cannot be collateral to the basic issues of the case. *United States v. Woodbury,* 263 F.2d 784, 787 (9th Cir.1959).

## III. ANALYSIS

The plaintiffs seek certification of the court's April 28, 2009 for interlocutory appeal on a single issue: "Is the arbitration agreement, or specifically the class action waiver, unconscionable?" Pls.' Application for Certification Under 28 U.S.C. § 1292(b). Although they have phrased it as such, in their application plaintiffs only address the unconscionability of the class action waiver, not the arbitration agreements in their entireties, and so the court considers the application only with regards to that narrow issue.

### A. Whether the Question Presented Represents a Controlling Question of Law

▪ The certification requirements for an interlocutory appeal are "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation,* 673 F.2d at 1026. The first limitation, that interlocutory appeals be permitted only where there is a controlling question of law at issue, intends to capture those "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.,* citing *United States Rubber Co. v. Wright,* 359 F.2d 784, 785 (9th Cir.1966) (per curiam) and *Milbert v. Bison Labs.,* 260 F.2d 431, 433–35 (3rd Cir.1958). To be controlling, the issue must be one that "could materially affect the outcome of litigation in the district court," rather than simply shortening the duration of the litigation or relating to

a collateral issue. *Id.* at 1026–27. Despite defendant's reliance on out of circuit authority, the Ninth Circuit Court of Appeals has never embraced the rule that only pure legal questions are controlling questions of law under § 1292(b). *See id.; Woodbury,* 263 F.2d at 787; *Wright,* 359 F.2d at 785.

▪ Here, the court is persuaded that the issue of the enforceability of the class action waivers is a controlling question of law in this case. Whether plaintiffs may pursue their claims on behalf of a class will affect the course of the litigation entirely. If the waivers are enforceable, as the court determined, the suit is stayed pending arbitration. Plaintiffs, in opposition to defendants second motion to dismiss, represented to the court that they would be unable to proceed in the suit in that circumstance. *See, e.g.,* Decl. of L. Defrenzo In Opp'n to Defs.' Mot. for Summ. J. ¶ 6; Decl. of S. Dalie In Opp'n to Defs.' Mot. for Summ. J. ¶ 23. On the other hand, if the class action waivers are determined to be unenforceable, the case would proceed in this court for injunctive relief as well as damages, beginning with a determination of the appropriateness of class certification under the Federal Rules. In short, the question is controlling because it will determine what claims are litigated in this court and, practically, whether the plaintiffs will continue to pursue a majority of their claims in any forum.

### B. Whether There Are Substantial Grounds for a Difference of Opinion on the Issue

▪ The California Supreme Court in *Discover Bank v. Superior Court,* 36 Cal.4th 148, 162–63, 30 Cal.Rptr.3d 76, 113 P.3d 1100 (2005), explained the narrow circumstances in which a class action waiver in an arbitration agreement is unenforceable. A class action waiver is un-

conscionable where, "1) the plaintiffs are consumers, 2) the waiver is in an adhesive contract, 3) the dispute between the parties would typically involve a small amount of damages, and 4) the defendant is alleged to have carried out a scheme to systematically defraud a large number of consumers out of individually small sums of money." Order, Apr. 28, 2009 at 17, citing *Discover Bank*, 36 Cal.4th at 162–63, 30 Cal.Rptr.3d 76, 113 P.3d 1100.

█ The court concluded that plaintiffs had not shown that they met this standard for two reasons. First, the plaintiffs had not shown that the waivers existed in the context of an adhesive contract. The court reached this conclusion upon application of the factually similar case *Trend Homes, Inc. v. Superior Court*, 131 Cal.App.4th 950, 954, 32 Cal.Rptr.3d 411 (2005). Second, the court observed that plaintiffs had not shown that a "small" amount of damages was at issue for each plaintiff, particularly since plaintiffs sought treble, punitive, and exemplary damages. Based on the authorities construing *Discover Bank*, this did not appear to be properly characterized a small amount of damages.

The court acknowledges, however, that there are substantial grounds for a difference of opinion on this issue, particularly on the question of what constitutes a "small" amount of damages. In *Discover Bank*, $29 fees were at issue. *Discover Bank*, 36 Cal.4th at 154, 30 Cal.Rptr.3d 76, 113 P.3d 1100. Aside from *Discover Bank*, there appears no clear rule defining this limitation by California courts. In *Cohen v. DirecTV, Inc.*, 142 Cal.App.4th 1442, 1452, 48 Cal.Rptr.3d 813 (2006), the court held that hidden fees in a television service contract totaling $1000 met the *Discover Bank* standard. This appears the outer limit of the definition of "small," by most courts' application of the rule. *See Shroyer v. New Cingular Wireless Servs., Inc.*, 498 F.3d 976, 983 (9th Cir.2007) (applying California law and holding that "individual damages in the hundreds of dollars [are an] objectively small amount"); *Gatton v. T-Mobile USA, Inc.*, 152 Cal.App.4th 571, 587, 61 Cal.Rptr.3d 344 (2007) ($200 in individual damages was "small"); *Aral v. EarthLink, Inc.*, 134 Cal.App.4th 544, 36 Cal.Rptr.3d 229 (2005) (individual damages ranged from $40–$50 and met the *Discover Bank* standard); *see also Omstead v. Dell, Inc.*, 533 F.Supp.2d 1012, 1033, 1038 (individual damages of $1500 were not small amounts under the *Discover Bank* rule); *Stiener v. Apple Computer, Inc.*, 556 F.Supp.2d 1016, 1025 (N.D.Cal.2008) (individual damages of $115 met the standard); *Stern v. Cingular Wireless Corp.*, 453 F.Supp.2d 1138, 1149 (C.D.Cal.2006) (individual damages were $9 and met the standard).

To the court's knowledge, the only case in which a court have found damages for non-employment contract[2] alleged to be greater than $1000 to constitute "small" amounts is that of a federal district court interpreting California law. *See, e.g., Provencher v. Dell, Inc.*, 409 F.Supp.2d 1196, 1202–4 (C.D.Cal.2006) (individual alleged damages of $1600). This offers the court minimal instruction as to how the California Supreme Court would rule on this issue.

---

**2.** In cases arising under the Labor Code, the courts have held that much greater amounts of damages meet the *Discover Bank* standard. *See, e.g., Franco v. Athens Disposal Co., Inc.*, 171 Cal.App.4th 1277, 1295, 90 Cal.Rptr.3d 539 (2009) (damages totaling $10,000 met this standard). Employment discrimination cases, however, must meet a more rigorous standard for enforcement of arbitration agreements due to the California Supreme Court's acknowledgment of the public policy concerns that require that the right to redress be unwaivable in such suits. *Gentry v. Superior Court*, 42 Cal.4th 443, 455–56, 64 Cal.Rptr.3d 773, 165 P.3d 556 (2007).

Plaintiffs have demonstrated that there are significant grounds for a difference of opinion on this question. Here, plaintiffs allege approximately $200 in individual damages, although they seek treble, punitive, and exemplary damages that may result in their average individual damage award exceeding $1000. However, the case law is not clear as to whether, under California law, a individual damage award greater than $1000 results in the claims not being of the type encompassed by the *Discover Bank* rule. Although the *Shroyer* court indicated that this is the appropriate interpretation of the "small" damage amount requirement, that holding was based on a review of what damage amounts had been held to meet the *Discover Bank* standard in each case, rather than a bright-line limit having been expressed by any of the California courts. In light of this, the court finds that there is a substantial ground for difference of opinion as to whether the plaintiffs' allegations meet the Discovery Bank standard such that the class action waiver should be held unenforceable.

## C. Whether Interlocutory Appeal Would Materially Advance Termination of the Litigation

■ Finally, an application for interlocutory appeal may only be granted if the appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litigation,* 673 F.2d at 1026. That standard is met here. At present, the case is stayed pending completion of arbitration. Once arbitration is concluded (or if plaintiffs choose to settle their arbitrable claims), the parties will then litigate the issue of injunctive relief in this court. Only after a final judgment on those claims may the plaintiffs seek by right appellate review of the court's ruling striking the class allegations. Reversal at that stage would result in litigation on the claims for damages, which appear to include a great deal of factual overlap with the claims for injunctive relief. Instead, granting the application for interlocutory appeal will permit resolution of the issue of the enforceability of the class action waivers at an early enough stage in the litigation to avoid the possibility of two significantly duplicative trials if the court's ruling is reversed. Accordingly, this element of 28 U.S.C. § 1292(b) is met.

## IV. CONCLUSION

For the reasons stated herein, the plaintiffs' application for certification for interlocutory appeal is GRANTED.

IT IS SO ORDERED.