**UNITED STATES RUBBER COMPANY,**
Appellant,

v.

**Francis WRIGHT et al., Appellees.**

**No. 20236.**

United States Court of Appeals
Ninth Circuit.

March 30, 1966.

Rehearing Denied May 25, 1966.

Arthur S. Vosburg, Frank McK. Bosch, of Vosburg, Joss, Hedlund & Bosch, Portland, Or., for appellant.

Walter H. Evans, Jr., Portland, Or., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM:

By order dated July 26, 1965, this court granted an interlocutory appeal under 28 U.S.C. § 1292(b) from an order of the district court denying appellant's motion for summary judgment and from the district court's subsequent narrative order denying reconsideration of its prior order. In the latter order the district court noted that its ruling "involved a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from said orders may materially advance the ultimate termination of this litigation." After receiving briefs and hearing oral argument we are of the opinion that the order granting the interlocutory appeal was improvidently granted and should be vacated.

The legislative history of subsection (b) of section 1292, which was added to the Judiciary and Judicial Procedure Title in 1958,[1] indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.[2] It was not intended merely to provide review of difficult rulings in hard cases. This unexceptional contract litigation presents, at most, nothing more than an uncertain question of law relevant to only one of several causes of action alleged below, and no disposition we might make of this appeal on its merits could materially affect the course of the litigation in the district court.

As this case shows, the propriety of granting an appeal under § 1292(b) will not always be apparent on the face of the findings of the district court. This is particularly true where, as in this case, the order from which appeal is sought has broadly dismissed challenges to the legal sufficiency of each of plaintiff's several alleged causes of action without indicating which of such challenges the court feels involves a controlling question of law.

Whenever it appears that an order granting interlocutory appeal was improvidently granted, it is the duty of the court to vacate it. Molybdenum Corporation of America v. Kasey, 279 F.2d 216 (9th Cir. 1960).

Our order of July 26, 1965, granting an interlocutory appeal in this case is vacated.

1. Subsection (b) was added to section 1292 under Public Law 85–919, 72 Stat. 1770 (1958).

2. The report of the Committee on Appeals from Interlocutory Orders of the District Courts, submitted to the Judicial Conference of the United States under date of September 23, 1953, stated:
Your Committee is of the view that the appeal from interlocutory orders thus provided should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases, where a

question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided * * * It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate.

This report is made a part of the Senate Report on the bill providing for Section 1292(b). S.Rep.No.2434, 85th Cong. 2nd sess., 1958 U.S.Code Cong. & Ad. News, pp. 5255, 5260.