**QUAD DIMENSION, INC.,**
**Plaintiff–Petitioner,**

v.

**SAGE ALERTING SYSTEM, INC. and Harris Corporation, Defendants–Respondents.**

**No. MISC 732.**

United States Court of Appeals, Federal Circuit.

DECIDED: June 2, 2003.

Before RADER, SCHALL, and PROST, Circuit Judges.

*ORDER*

SCHALL, Circuit Judge.

Quad Dimension, Inc. (Quad) petitions for permission to appeal the order certified by the United States District Court for the

case is not entirely clear.

Western District of Missouri as one involving a controlling issue of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b), (c)(1). Sage Alerting System, Inc. and Harris Corporation (Sage) oppose.

Quad sued Sage for infringement. On March 18, 2002, the district court granted Sage's motion for partial summary judgment that the doctrine of absolute intervening rights barred Quad from recovering any damages for alleged infringement occurring before the issuance of a second reexamination certificate. The district court certified that order for permissive interlocutory review pursuant to 28 U.S.C. § 1292(b), (c)(1). We note that issues of infringement and invalidity remain to be tried regardless of whether the issues raised by this petition are decided by us at this time.

This court must exercise its own discretion in deciding whether it will grant permission to appeal an interlocutory order certified by a trial court. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed.Cir.1990); 28 U.S.C. § 1292(d)(2) ("the Federal Circuit may, in its discretion, permit an appeal to be taken from such order"). We determine that granting the petition in these circumstances is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is denied.