**Richard P. LORITZ II, Plaintiff,**

**v.**

**CMT BLUES, et al., Defendants.**

**No. 01CV2313BTMPOR.**

United States District Court, S.D. California.

July 14, 2003.

Richard P. Loritz II, Soledad, CA, Pro se.

Nicholas N. Paul, Deputy Attorney General, San Diego, CA, for Defendants

---

## ORDER DENYING DEFENDANT HORNUNG'S MOTION FOR CERTIFICATION OF ORDER FOR INTERLOCUTORY REVIEW

MOSKOWITZ, District Judge.

Defendant Thomas Hornung ("Defendant" or "Hornung") has filed a motion for certification for interlocutory appeal of the Court's order denying Hornung's motion to dismiss for failure to exhaust administrative remedies. For the reasons discussed below, Defendant's motion is **DENIED**.

### I. *BACKGROUND*

Plaintiff is a state prisoner proceeding *pro se* who is currently incarcerated in R.J. Donovan Correctional Facility ("RJD"). This action arises from a California Department of Corrections ("CDC") policy that precluded Plaintiff from participating in a Joint Venture Program due to the fact that he was in the Correctional Clinical Case Management System ("CCCMS") program. The only remaining claims against Defendant are Plaintiff's Americans with Disabilities Act claim and Rehabilitation Act claim.

On October 28, 2002, Defendant filed an unenumerated Rule 12(b) motion to dismiss in which Defendant argued that Plaintiff had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). In an order filed on June 2, 2003, the Court denied Defendant's motion. The Court held that even though Plaintiff's appeal to the final level of review was not filed within the 15 day period prescribed by California Code of Regulations, title 15, section 3084.6, Plaintiff was not barred from maintaining this action because the CDC has the discretion to deviate from the rules governing the time for filing appeals. *See* California Code of Regulations, title 15, section 3084.3.

### II. *DISCUSSION*

Defendant argues that the Court should certify its order denying Defendant's motion to dismiss for interlocutory appeal pursuant to 28 U.S.C. section 1292(b). For the reasons set forth below, the Court declines to certify an interlocutory appeal.

In order to certify an order for interlocutory appeal, the district court must find that (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The decision to certify lies within the sound discretion of the district court. *Yeager's Fuel, Inc. v. Pennsylvania Power & Light Co.*, 162 F.R.D. 482, 489 (E.D.Pa. 1995); *Brown v. City of Oneonta*, 916 F.Supp. 176, 180 (N.D.N.Y.1996).

In addition to the requirements set forth in section 1292(b), courts must keep in mind that section 1292(b) "is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n. 11 (9th Cir.1959). Indeed, in *United States Rubber Co. v. Wright*, 359 F.2d 784 (9th Cir.1966), the Ninth Circuit held that the legislative history of section 1292(b) indicates that it was to be used "only in *extraordinary* cases where decision of an interlocutory appeal might avoid *protracted and expensive litigation.*" *Id.* at 785 (emphasis added). The Ninth Circuit cited to a report of the Committee on Appeals from Interlocutory Orders of the District Courts, which was made a part of the Senate Report on section 1292(b), which stated:

Your Committee is of the view that the appeal from interlocutory orders thus provided should and will be used only *in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases,* where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided * * * It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate.

*Id.* at 785 n. 2 (quoting S.Rep. No. 2434 (1958), *reprinted in* 1958 U.S.C.C.A.N. 5255, 5260).

Other courts have agreed with the Ninth Circuit's conclusion that section 1292(b) is not to be used in ordinary cases. In *Bobolakis v. Compania Panamena Maritima San Gerassimo, S.A.,* 168 F.Supp. 236, 239 (S.D.N.Y.1958), the court explained: "It is clear that this legislation was aimed at the 'big' and expensive case where an unusual amount of time and money may be expended in the pre-trial phases of the case or where the trial itself is likely to be long and costly." In *Madison Smith v. Perkin–Elmer Corp.,* 8 Fair Empl. Prac. Cas. (BNA) 740 (D.Conn.1974), the court declined to certify an order for interlocutory appeal in a race discrimination case because the suit was "hardly the kind of 'protracted and expensive litigation' for which § 1292(b) was proposed and approved." *See also Dalla v. Atlas Maritime Co.,* 562 F.Supp. 752, 759 (C.D.Cal. 1983) (denying motion for certification for interlocutory appeal because the case was not "extraordinary in nature, but rather an ordinary personal injury action which can

be promptly determined by Court and jury.").

This case is an ordinary one. The factual and legal issues in this case are not complex and would not necessitate protracted and expensive litigation. Defendant cannot establish that "exceptional circumstances justify a departure from the basic policy against piecemeal litigation and of postponing appellate review until after entry of a final judgment." *Rottmund v. Continental Assur. Co.,* 813 F.Supp. 1104, 1112 (E.D.Pa.1992). Therefore, the Court denies Defendant's motion.

In closing, the Court notes that Defendant overstates its case that a substantial basis exists for a difference of opinion regarding the issue of law decided by the Court. For the most part, Defendant cites cases that do not address the specific issue of whether a prisoner's failure to abide by prison procedures regarding the filing of complaints or appeals bars the prisoner from filing suit in federal court when prison officials have the discretion to deviate from the procedures.

It appears that *Pozo v. McCaughtry,* 286 F.3d 1022 (7th Cir.2002) is the only case that comes close to addressing the issue. In *Pozo,* the Seventh Circuit observed that in the context of habeas litigation, cases deciding the issue of procedural default go both ways on the question of whether a document that is rejected by a state court as both late and unmeritorious counts as properly filed for purposes of state law. The court proceeded to explain that even though the Corrections Complaint Examiner had the discretion to decide Pozo's untimely appeal, the Examiner's decision was not linked to the merits. Therefore, the Court reasoned, Pozo's claim was a defaulted claim.

However, the court in *Pozo* did not focus on the issue of whether rules setting filing

deadlines are adequate to support the application of procedural default where the rules are subject to the exercise of prison officials' discretion and there is no showing that the discretion entails "the exercise of judgment according to standards that, at least over time, can become known and understood within reasonable operating limits." *Bennett v. Mueller,* 322 F.3d 573, 583 (9th Cir.2003) (quoting *Morales v. Calderon,* 85 F.3d 1387, 1392 (9th Cir.1996)). Although the court borrowed the concept of procedural default from habeas cases, the court did not apply the concomitant basic requirement that the state procedural rule underlying the denial of relief be "well-established" and "consistently applied." *Id.*

Defendant also suggests that the Court's ruling was erroneous because the Court did not undergo an analysis of whether the CDC has or has not been internally consistent in the exercise of its discretion under section 3084.3. But procedural default is an affirmative defense that the state must plead and prove. *Bennett,* 322 F.3d at 585. In habeas cases, once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. *Id.* at 586. If the petitioner asserts specific factual allegations that demonstrate the inadequacy of the state procedure, the burden shifts back to the state which carries the ultimate burden. *Id.*

Here, Defendant did not plead or argue that the CDC has exercised its discretion to entertain untimely appeals according to uniform standards. Therefore, Defendant failed to satisfy its initial burden, and Plaintiff was not required to produce evidence regarding whether the filing deadline has been "well established and consistently applied."

The Court notes that Defendant alone has access to information pertaining to the history and practice of the CDC's exercise of discretion to permit untimely appeals. Plaintiff, a prisoner, does not have access to such information, and it would be patently unfair to require him to demonstrate that the CDC has not exercised its discretion in a consistent manner.

### III.   CONCLUSION

For the reasons discussed above, Defendant Hornung's Motion for Certification of Order Denying Defendant's Motion to Dismiss [74–1] is hereby **DENIED.**

**IT IS SO ORDERED.**