# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-8003

———————

| | |
|---|---|
| Union County, Iowa, | * |
| | * |
| Petitioner, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Southern District of Iowa. |
| Piper Jaffray & Co., Inc., | * |
| | * [PUBLISHED] |
| Respondent. | * |

———————

Submitted: April 24, 2008
Filed: May 13, 2008

———————

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

This matter comes before this court upon a petition for leave to file an interlocutory appeal under 28 U.S.C. § 1292(b)[1] from a discovery order of the district

———————

[1]Section 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section [that disallows interlocutory appeals with certain exceptions], shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so

court. Because we find that the district court abused its discretion in certifying this interlocutory appeal, we dismiss this appeal for lack of jurisdiction.

I.

The underlying diversity action arises out of the construction of a soybean crushing plant in Union County, Iowa. The construction of the mill was to be undertaken by CF Processing, a wholly owned subsidiary of Crestland Cooperative. The petitioner, Union County, Iowa (the "County"), alleges that the respondent, Piper Jaffray & Co., Inc., provided the County with advice regarding the County's issuance of two General Obligation Capital Loan Notes (the "bond offerings") in connection with the project. In total, the bond offerings amounted to $5.865 million. The mill was to be assessed for property tax purposes at a certain amount, and if the tax revenue generated on that assessment failed to cover debt service on the notes, CF Processing agreed to pay any shortfall in order for the County to make the required debt service payments. In turn, Crestland guaranteed CF Processing's performance.

CF Processing and Crestland filed bankruptcy in 2001, defaulting on all obligations to the County, when the tax shortfall occurred. The County filed suit against Piper Jaffray, asserting claims of breach of fiduciary duty, breach of contract, negligent misrepresentation, negligence, and fraud. The crux of the County's case is that Piper Jaffray failed to properly advise the County of (1) material information and risks involved in the issuance of the bond offerings in the event of defaults by Crestland and CF, and (2) alternative financing options.

> state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b).

After requesting documents and/or information concerning the professional advice the County received in connection with the bond offerings, Piper Jaffray filed a Motion to Compel, asserting that the County had refused to provide the documentation sought. The County asserted, through a privilege log, that the documents were not discoverable under the work product doctrine and attorney-client privilege. The magistrate judge granted the motion in part and denied it in part, specifying the documents that were to be produced because the County had waived the attorney-client privilege with regard to the information contained in those documents as a result of the litigation it had undertaken against Piper Jaffray. The district court affirmed; in its order, however, the court certified the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The County then petitioned this court for permission to file the appeal.

II.

Because "[t]he requirements of § 1292(b) are jurisdictional," White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994), if the case does not present circumstances satisfying the statutory prerequisites for granting certification, this court cannot allow the appeal. Id. at 377. Furthermore, even if the statutory criteria are satisfied, "we possess discretion whether to hear the appeal," id. at 376 n.2, and "may deny the appeal for any reason." Id. (citing Coopers & Lybrand v. Livesay, 437 U.S. 463 (1978)). In determining whether to grant the County's petition, we keep in mind that "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." Id. at 376 (quoting Control Data Corp. v. Internat'l Bus. Machines Corp., 421 F.2d 323, 325 (8th Cir. 1970)); see U.S. ex rel. Hollander v. Clay, 420 F. Supp. 853, 859 (D.C.D.C. 1976) ("Certification under section 1292(b) is far from the normal course of procedure."); see also United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam) ("The legislative history of subsection (b) of

section 1292 . . . indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation. It was not intended merely to provide review of difficult rulings in hard cases.").

In requesting that this court follow the extraordinary course of interlocutory review of this matter, "the [County] bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." White, 43 F.3d at 376. "Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Id. at 377 (internal quotations omitted). The district court found that all three statutory criteria were met because of "the lack of Eighth Circuit precedent on this issue." We address each requirement to determine whether the district court abused its discretion in certifying this appeal. See id. at 377-79 (finding that the district court abused its discretion in certifying appeal because: (1) it failed to adequately consider all the relevant criteria before granting the motion for certification and (2) none of the statutory criteria were satisfied).

First, the motion to compel was granted by the district court based upon waiver of attorney-client privilege. We assume without deciding that the district court's order, premised upon its resolution of the attorney-client privilege issue, involves a controlling question of law. See id. at 377 n.3 (stating that appellants' argument that files were protected against discovery by "some privilege" presents a controlling legal issue as to the existence of the privilege). However under § 1292(b) there must also exist "substantial basis for difference of opinion" with respect to such question. Id. Because this is a diversity case, the determination of whether attorney-client privilege applies is governed by state law. Fed. R. Evid. 501 (providing that state law supplies the rule of decision on privilege in diversity cases); see Pamida, Inc. v. E.S. Originals, Inc., 281 F.3d 726, 731 (8th Cir. 2002).

Under Iowa law, a client may waive attorney-client privilege. Iowa Code § 622.10(2); see Miller v. Continental Ins. Co., 392 N.W.2d 500, 504 (Iowa 1986). Though there was no express waiver here, "implied waiver occurs where the [client] has placed in issue a communication which goes to the heart of the claim in controversy." Squealer Feeds v. Pickering, 530 N.W.2d 678, 684 (Iowa 1995), abrogated on other grounds by Wells Dairy, Inc. v. Am. Indus. Refrigeration, Inc., 690 N.W.2d 38 (Iowa 2004) (quoting 81 Am. Jur. 2d *Witnesses* § 348 (1992)); see Brandon v. W. Bend Mut. Ins. Co., 681 N.W.2d 633, 642 (Iowa 2004) (providing that waiver may be implied by "conduct making it unfair for a client to invoke the privilege"); Miller, 392 N.W.2d at 505 (same). "While identification of 'a sufficient number of conflicting and contradictory opinions' would provide substantial ground for disagreement," White, 43 F.3d at 378 (quotation omitted), the County offered no such Iowa opinions, statutes or rules, and "a dearth of cases" does not constitute "substantial ground for difference of opinion." Id. Accordingly, section 1292(b)'s second criterion for certification has not been satisfied.

With regard to the third statutory requirement, that the certification will materially advance the ultimate termination of the litigation, the district court quoted this portion of the statute, however, we do not see how the court's only stated reason for certifying the appeal–the lack of Eighth Circuit precedent–demonstrates that this requirement has been met. Though this criterion may be satisfied here, the district court should make the necessary findings to demonstrate that this statutory criterion was satisfied. See id. ("Although the district court quoted this portion of the statute, it made no mention of it when making the necessary findings. Thus, we conclude that the district court failed to consider this statutory criterion."); see also Isra Fruit Ltd. v. Agrexco Agri. Export Co., 804 F.2d 24, 25 (2d Cir. 1986) ("strongly suggest[ing] to district judges the advisability of stating more than a bare finding that the statutory requirements of 1292(b) have been met").

Finally, while this court has previously considered an interlocutory appeal relating to attorney-client privilege, see Simon v. G.D. Searle & Co., 816 F.2d 397, 399 (8th Cir. 1987) (involving two issues: (1) whether the work product doctrine or attorney-client privilege applied to corporate risk management documents prepared by nonlawyer corporate officials and (2) whether Rule 26(b)(2) of the Federal Rules of Civil Procedure limits discovery of corporate risk management documents that relate to insurance considerations), we have also denied it. See White, 43 F.3d at 375-76 (involving prison officials' assertion of attorney-client privilege with regard to documents the district court ordered them to produce concerning an assault for which the inmate was under investigation in inmate's section 1983 action). In dismissing the interlocutory appeal, the White Court distinguished Simon, stating that "Simon involved novel controlling issues of law concerning the work product doctrine, attorney/client privilege and construction of Federal Rule of Civil Procedure 26(b)(2). Moreover, the Simon case was a consolidation of approximately 40 cases, and was therefore extraordinary." Id. at 377 n.4. Thus, White suggests that, absent the sort of extraordinary circumstances present in Simon, this court will not allow a certified appeal of an attorney-client privilege case. Because this case is more like White than Simon, in that it lacks novel controlling issues of law and does not consist of a substantial number of consolidated cases, it constitutes a typical attorney-client case inappropriate for interlocutory review pursuant to section 1292(b).

## III.

We conclude that the district court abused its discretion in certifying this interlocutory appeal where the statutory criteria were not satisfied. Accordingly, we dismiss this appeal for lack of jurisdiction.

_____