**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DARLENE COUCH, and all others
similarly situated,
              *Plaintiff-Appellee,*

v.

TELESCOPE INC.; AMERICAN IDOL
PRODUCTIONS INC.; PROJECT SUPPORT
TEAM INC.; FREMANTLEMEDIA NORTH
AMERICA INC.; 19 ENTERTAINMENT
INC.; CKX INC.; FOX
BROADCASTING COMPANY; FOX
INTERACTIVE MEDIA INC.,
              *Defendants-Appellants.*

No. 08-56357

D.C. No.
2:07-cv-03916-
FMC-VBK

KAREN HERBERT, and all others
similarly situated; JUDY SCHENKER;
JODI EBERHART; CHERYL BENTLEY,
and all others similarly situated,
              *Plaintiffs-Appellees,*

v.

ENDEMOL USA INC; NBC
UNIVERSAL, INC.; VERISIGN, INC.;
M-QUBE, INC.; DON JAGODA
ASSOCIATES, INC.,
              *Defendants-Appellants.*

No. 08-56360

D.C. No.
2:07-cv-03537-
FMC-VBK

OPINION

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

9845

Submitted July 1, 2010*
Pasadena, California

Filed July 8, 2010

Before: Alex Kozinski, Chief Judge, Stephen S. Trott and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Wardlaw

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Jeff S. Westerman, Sabrina S. Kim, Michiyo Michelle Furukawa, and Andrew J. Sokolowski of Milberg LLP (Los Angeles, CA); Michael C. Spencer of Milberg LLP, New York, New York; Paul R. Kiesel of Kiesel Boucher & Larson LLP, Beverly Hills, California; Kevin T. Moore of Kevin T. Moore Law Offices, Atlanta, Georgia; and William A. Pannell, Atlanta, Georgia, for plaintiff-appellees Darlene Couch et al.

Chad S. Hummel, Brad W. Seiling, and Joanna S. McCallum of Manatt, Phelps & Phillips, LLP, Los Angeles, California, for defendant-appellants NBC Universal, Inc. et al.

Patricia L. Glaser of Glaser, Weil, Fink, Jacobs, Howard & Shapiro, LLP, Los Angeles, California, for defendant-appellant Endemol USA, Inc.

Ronald L. Johnston and Angel L. Tang of Arnold & Porter LLP, Los Angeles, California, for defendant-appellant Verisign, Inc. and m-Qube, Inc.

## OPINION

WARDLAW, Circuit Judge:

These consolidated interlocutory appeals arise from the district court's denial of defendants' Rule 12(b)(6) motion to dismiss consolidated putative class actions. The district court ruled that the complaint stated a claim that defendants conducted an illegal lottery under California Penal Code § 319 and thereby violated California's unfair business practices law, Cal Bus. & Prof. Code § 17200. Disagreeing vehemently with this ruling, but citing no California law undermining the district court's holding, defendants sought certification under 28 U.S.C. § 1292(b). The district court concluded that there was no substantial ground for difference of opinion as to its ruling but certified a set of limited questions to us anyway in the "interests of comity" and for the sole purpose of facilitating certification to the California Supreme Court. Because the district court concluded that there is no substantial ground for difference of opinion, an essential requirement for § 1292(b) certification, we vacate our prior order granting permission to appeal and dismiss these appeals for lack of jurisdiction.

### I.

During broadcasts of the hit television programs "American Idol" and "Deal or No Deal," viewers had the opportunity to participate in two cash giveaways (the "Games").[1] Defendants,[2]

---

[1]These appeals involve only the "American Idol" and "Deal or No Deal" games. Ten additional cases challenging similar giveaway drawings have been stayed by the district court pending the outcome of these appeals.

[2]Defendants in Case No. 08-56357 are Telescope Inc., American Idol

the promoters and administrators of the Games, ran commercials during each television broadcast inviting viewers to enter the Games for a chance to win cash prizes. In the "American Idol Challenge," viewers were posed a trivia question about the wildly popular "American Idol" show. In the "Lucky Case" game, viewers of "Deal or No Deal" were shown numbered briefcases and asked to choose the briefcase corresponding to a winning number. For both Games, viewers could enter the drawing by submitting the correct answer within twenty-four hours, either through a text message for a ninety-nine cent fee (in addition to standard text messaging fees imposed by the viewer's wireless carrier) or through the internet at no charge. Viewers were allowed up to ten entries, and, for each correct submission, the viewer entered a drawing, from which the eventual winner was chosen at random.

The named plaintiffs, Darlene Couch, Karen Herbert, Judy Schenker, Jodi Eberhart, and Cheryl Bentley ("plaintiffs"), entered the Games but did not win a prize. Unsuccessful but undaunted, they turned to the high-stakes world of class action litigation. Seeking to represent a class of all individuals who paid the ninety-nine cent text message fee to enter the Games but lost, plaintiffs filed suit in federal court, claiming that the Games are an illegal lottery under California Penal Code § 319 and thus constitute unfair business practices.[3] Under California law, an illegal lottery has three elements: (1) distribution of a prize, (2) based on chance, (3) to an individual who has paid valuable consideration. *Cal. Gasoline*

---

Productions, Inc., Project Support Team, Inc., Fremantlemedia North America, Inc., 19 Entertainment, Inc., CKX, Inc., Fox Broadcasting Company, Fox Interactive Media, Inc. Defendants in Case No. 08-56360 are Endemol USA, Inc., NBC Universal, Inc., Verisign, Inc., M-QUBE, Inc., and Don Jagoda Associates, Inc.

[3]They also claim that the Games violate Connecticut General Statute § 52-554 on the ground that the "American Idol Challenge" is illegal gambling under that law. The certification order does not involve this claim.

*Retailers v. Regal Petroleum Corp.*, 50 Cal. 2d 844, 853-44 (1958); *see also* Cal. Penal Code § 319.

Defendants moved to dismiss plaintiffs' class action on the basis that the third element—consideration—was missing because the Games had a free method of entry (the internet) available to all participants. Relying on the four leading California lottery cases, *People v. Shira*, 62 Cal. App. 3d 442 (Ct. App. 1976); *Cal. Gasoline Retailers*, 50 Cal.2d 844; *People v. Carpenter*, 141 Cal. App. 2d 884 (Ct. App. 1956); and *People v. Cardas*, 137 Cal. App. Supp. 788 (App. Dep't Super. Ct. 1933), and finding no California law to the contrary, the district court denied the motion.

The court then granted defendants' motion to certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) even though it expressly concluded that the jurisdictional predicate of a substantial ground for difference of opinion didn't exist. Finding instead that certification was warranted "in the interests of comity," it certified a set of questions for the "limited purpose" of having us certify them to the California Supreme Court. Although a two-judge motions panel of our court granted defendants' application to pursue these appeals, we are not bound by this decision. "Although we give deference to the ruling of the motions panel, we have an independent duty to confirm that our jurisdiction is proper." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 318-19 (9th Cir. 1996).

## II.

**[1]** Federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Therefore, we have a special obligation to satisfy ourselves of our jurisdiction even where, as here, the parties do not contest it. *Id.* Under the final judgment rule embodied in 28 U.S.C. § 1291, the courts of appeal

have jurisdiction over "appeals from all final decisions of the district courts of the United States." Thus, parties may appeal only from orders which " 'end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment.' " *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)).

**[2]** Defendants invoke the narrow exception to the final judgment rule embodied in 28 U.S.C. § 1292(b), which provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Because "[t]he requirements of § 1292(b) are jurisdictional," if this appeal "does not present circumstances satisfying the statutory prerequisites for granting certification, this court cannot allow the appeal." *Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 645-46 (8th Cir. 2008) (per curiam) (internal quotation marks omitted). Thus, "we must determine whether the district court has properly found that the certification requirements of the statute have been met," *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982), and the party pursuing the interlocutory appeal bears the burden of so demonstrating, *see McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004).

## A.

We agree with the district court's conclusion that the defendants have failed to establish the requisite substantial ground

for difference of opinion. Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met. Therefore, the question of law should not have been certified, and the certification order is jurisdictionally defective.[4]

**[3]** To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (footnotes omitted).

**[4]** The district court correctly held that "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.' " That settled law might be applied differently does not establish a substantial ground for difference of opinion. *See, e.g.*, *Bush v. Adams*, 629 F. Supp. 2d 468, 475 (E.D. Pa. 2009); *Hansen v. Schubert*, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006); *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 233 F. Supp. 2d 16, 19-20 (D.D.C. 2002). Significantly, defendants have not provided a single case that conflicts with the district court's construction or application of California Penal Code § 319. *See Union County*, 525 F.3d at 647 (" 'While identifi-

---

[4]We discuss the reasons the district court correctly concluded that no "substantial ground for difference of opinion" existed because of the dearth of authority in the area and to dispose of defendants' contentions that § 1292(b)'s third prong has been met.

cation of a sufficient number of conflicting and contradictory opinions would provide substantial ground for disagreement,' the County offered no such Iowa opinions, statutes or rules, and 'a dearth of cases' does not constitute 'substantial ground for difference of opinion.' " (quoting *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994))).

**[5]** The district court also correctly concluded that the 2005 advisory opinion from the California Attorney General's Division of Gambling Control addressing "jackpot poker" failed to demonstrate a substantial ground for difference of opinion. The advisory opinion does not provide the factual context of the underlying game in question, making meaningful analysis and comparison impossible. More fundamentally, the presence of a single, non-binding, advisory opinion by a division of the California Attorney General's office is not a "substantial" ground for disagreement as to the controlling law.

**[6]** Nor does the fact that no California court has addressed the precise questions at issue satisfy the requirement of a substantial ground for disagreement, as the district court properly recognized. It is well settled that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996); *see also Union County*, 525 F.3d at 647 (holding that a "dearth of cases" does not give rise to a substantial ground for difference of opinion).

**[7]** Having concluded that its legal ruling did not present a legal question on which there is a substantial ground for difference of opinion, the district court erred by certifying its order for § 1292(b) interlocutory review. Consequently, we lack jurisdiction to entertain these appeals. *See In re Cement*, 673 F.2d at 1026.

## B.

**[8]** The district court improperly relied upon the "interests of comity" in ploughing on to certify the appeals. The "interests of comity" is not one of our statutory bases for jurisdiction over less than final judgments. In point of fact, § 1292(b) certification does not further the interests of comity—it merely trades one federal forum for another. Federal rulings on state-law issues generally don't affect the state's law. *See People v. Ponce*, 92 Cal. Rptr. 3d 667, 672 (Ct. App. 2009) ("We . . . 'are not bound by the decisions of the lower federal courts even on federal questions.' " (quoting *People v. Bradley*, 1 Cal.3d 80, 86 (1969)). And while we—unlike the district court—can certify questions of California state law to the California Supreme Court, *see* Cal. R. Ct. 8.548 ("On request from the United States Supreme Court, a United States Court of Appeals, or the court of last resort of any state, territory, or commonwealth, the Supreme Court may decide a question of California Law if: (1) The decision could determine the outcome of a matter pending in the requesting court; and (2) There is no controlling precedent."), we invoke the certification process only after careful consideration and do not do so lightly. *See Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003). The district court attempted to bypass this fact by certifying these appeals for the "limited purpose" of having us certify certain questions to the California Supreme Court. However, § 1292(b) does not permit "limited purpose" certification. Rather, when an order is certified for appellate review, "appellate jurisdiction applies to the *order* certified . . . and is not tied to the particular question formulated by the district court." *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996). A district court confronting a motion to certify pursuant to § 1292(b) should remain focused on the statutory requirements, not policy considerations which may or may not be furthered by certification.

## III.

**[9]** Because the district court expressly, and correctly, found that defendants had failed to demonstrate a substantial

ground for difference of opinion, we **VACATE** our orders granting permission to appeal, **DISMISS** these appeals for lack of jurisdiction, and **REMAND** to the district court.