NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREEN EDGE ENTERPRISES, LLC,**

*Plaintiff/Counterclaim Defendant-Respondent,*

v.

**RUBBER MULCH ETC., LLC AND GROUNDSCAPE TECHNOLOGIES, LLC,**

*Defendants/Counterclaimants,*

AND

**RUBBER RESOURCES, LTD., LLP,**

*Defendant/Counterclaimant-Petitioner,*

v.

**INTERNATIONAL MULCH COMPANY AND MICHAEL MILLER,**

*Counterclaim Defendants-Respondents,*

AND

**JUDY SMITH AND LEE GREENBERG,**

*Counterclaim Defendants.*

---

Miscellaneous Docket No. 998

---

On Petition for Permission to Appeal pursuant to 28 U.S.C. § 1292(b) from the United States District Court

for the Eastern District of Missouri in case no. 02-CV-0566, Magistrate Judge Terry I. Adelman.

---

## ON PETITION FOR PERMISSION TO APPEAL

---

Before RADER, *Chief Judge,* and LOURIE and BRYSON, *Circuit Judges.*

RADER, *Chief Judge.*

### ORDER

Rubber Resources, Ltd., LLP (Rubber Resources) petitions for permission to appeal the order certified by the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1292(b).  International Mulch Company and Michael Miller (collectively, IMC) oppose. Rubber Resources replies.

This petition stems from a patent infringement suit brought by the patent holder, Green Edge Enterprises, LLC, against Rubber Resources.   Rubber Resources brought a counterclaim against Green Edge and IMC, the exclusive licensee of the patent, under the Lanham Act for unfair trade practices, namely, that the patent had been asserted in bad faith.

Prior to trial, IMC filed a motion in limine to exclude evidence of patent enforcement activities, which was granted by the district court.  The district court explained that "[e]nforcement of a presumptively valid patent cannot be used as evidence of unfair competition absent a showing, by clear and convincing evidence, that those enforcement activities were objectively baseless," and in light of the circumstances presented in this case, Rubber Resources has not met that burden.  In doing so, the court noted that the patent had survived a motion for summary judgment of invalidity.

The district court therefore precluded Rubber Resources from introducing at trial any evidence relating to Green Edge or its exclusive licensee's patent enforcement activities. The court, however, stated that "[n]othing in this Order shall be deemed to preclude Rubber Resources from introducing evidence including: (1) marketplace statements that [IMC] and Green Edge are the sole non-infringement source of synthetic rubber mulch; and (2) proof that the patent is invalid, not enforceable, not infringed, or that the amount of damages sought for infringement are not reasonable."

The district court certified the case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Rubber Resources then petitioned this court for permission to file the appeal. Ultimately, this court must exercise its own discretion in deciding whether it will grant permission to appeal interlocutory orders. *See In re Convertible Rowing Exerciser Patent Litigation*, 903 F.2d 822 (Fed.·Cir. 1990). In doing so, we keep in mind that "'[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants," and thus permissions for interlocutory appeals should be "granted sparingly and with discrimination."' *Union County, Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 646 (8th Cir. 2008) (citation omitted); *see also United States v. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1955) ("The legislative history of subsection (b) of section 1292 . . . indicates that it was to be used only in extraordinary cases[.]").

Section 1292(b) establishes three criteria for certification. The district court must be of the opinion that: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. Because the requirements of

§ 1292(b) are jurisdictional, *see White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994), a court of appeals cannot grant a petition for permission to appeal unless it is certain these criteria are satisfied. *See Piper Jaffray & Co.*, 525 F.3d at 646.

Thus, in *Piper Jaffray & Co.*, the United States Court of Appeals for the Eighth Circuit concluded that the district court abused its discretion in certifying the interlocutory appeal because, inter alia, it merely quoted the portion of the statute without providing any meaningful consideration of the statutory criterion. *Id.* The court in *Piper Jaffray & Co.* explained that "though this criterion may be satisfied here, the district court should make the necessary findings to demonstrate that this statutory criterion was satisfied." *Id.*

Similarly here, the district court stated that "the issues relating to Rubber Resources' evidence pertaining to the Lanham Act claim involves controlling issues of law in this case and that there is substantial ground for difference of opinion," and that "an interlocutory appeal may advance the ultimate termination of this case." But, the district court failed to provide the reasons why the requirements had been met.

It is also not evident which questions of law are controlling in the view of the district court. The court's order refers generally to the issue of exclusion of evidence relating to IMC and Green Edge's patent enforcement activities. In *Isra Fruit, Ltd. v. Agrexco Agric. Exp. Co. Ltd.*, 804 F.2d 24, 25 (2d Cir. 1986), the court explained that "elaboration by the district court [as to why the question presented by the certified order is 'controlling'] will normally help in understanding why the judge believes that there is a 'substantial ground for difference of opinion' and that 'immediate appeal from the order may materially advance the ultimate termination of the litigation." Given the lack of specificity in the order, it is

difficult for this court to conclude that the jurisdictional criteria have been met here.

What is more, Rubber Resources has not met its burden of filling in these gaps. Rubber Resources alleges in relevant part that the certified order presents the question of whether "[i]t is an abuse of discretion for the lower court to grant summary judgment in response to a motion in limine, when the matter at issue involved disputed issues of material fact that should have been the subject of a motion for summary judgment, subject to the relevant burdens dictated by the Rules for summary judgment."

We, however, cannot escape the conclusion, and neither could the district court, that summary judgment was not granted here, and Rubber Resources was allowed under the order to pursue its counterclaim by providing evidence of "(1) marketplace statements that [IMC] and Green Edge are the sole non-infringement source of synthetic rubber mulch; and (2) proof that the patent is invalid, not enforceable, not infringed, or that the amount of damages sought for infringement are not reasonable."

Beyond that, we cannot say that an interlocutory appeal in this case will materially advance the ultimate termination of the litigation because whatever the outcome this matter would have to go back to the district court for trial. We therefore determine that granting the petition in these circumstances is not warranted.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

_____DEC 1 3 2011_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Sara Pfrommer, Esq.
    Keith A. Rabenberg, Esq.
s25

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**DEC 1 3 2011**

**JAN HORBALY**
**CLERK**