Opinion of the court filed PER CURIAM.
Dissenting opinion filed by Circuit Judge O’MALLEY.
ON PETITION FOR PERMISSION TO APPEAL
PER CURIAM.
ORDER
Fujitsu Limited (“Fujitsu”) petitions for permission to appeal the May 23, 2013 *1006 order of the United States District Court for the- Northern District of Illinois granting Tellabs, Inc., Tellabs Operations, Inc., and Tellabs North America, Inc.’s (collectively “Tellabs”) motion for summary judgment on the issue of whether Fujitsu may seek lost profits as a theory of damages, if infringement liability is found. Tellabs responds.
Fujitsu is a Japanese corporation and sole owner of United States Patent Nos. 5,521,737 (“the '737 patent”) and 5,526,163 (“the '163 patent”). Sales of Fujitsu patented telecommunications systems in the United States are made by a non-exclusive licensee, Fujitsu Network Communications, Inc. (“FNC”). FNC is a wholly owned subsidiary of Fujitsu and a California corporation.
Fujitsu sued Tellabs for patent infringement.[1] When submitting its expert reports, Fujitsu indicated it would be seeking damages based on lost profits regarding two contracts Tellabs obtained. Tellabs moved for summary judgment on the issue of whether Fujitsu could recover lost profits on the two patents.
The district court stated that whether a parent company patent owner may be compensated under the damages theory of lost profits for its wholly-owned subsidiary’s lost sales turned on whether the subsidiary’s profits “flowed inexorably” to the patent-owner parent, citing Mars, Inc. v. Coin Acceptors, Inc., 527 F.3d 1359, 1366 (Fed.Cir.2008). The court then concluded that based on the facts of this case, Fujitsu would not be allowed to seek lost profits as a theory of recoverable damages at trial.
The court certified the following issues for interlocutory appeal under 28 U.S.C. § 1292(b):
1) Can a foreign patent owner that does not sell any products in the U.S. market collect lost profits damages based on sales lost by its wholly-owned U.S. subsidiary, which is a non-exclusive licensee under the patent?
2) Can a foreign patent owner that manufactures and sells component parts to its wholly-owned U.S. subsidiary via a transfer pricing mechanism designed to comply with the Internal Revenue Code, 26 U.S.C. § 482, recover as lost profits the lost payments from its wholly-owned U.S. subsidiary for these component parts?
Fujitsu Ltd. v. Tellabs, Inc., No. 09-C-4530, slip op. at *16, 2013 WL 2285794 (N.D.Ill. May 23, 2013).
Under 28 U.S.C. § 1292(b), a district judge may certify for appeal an otherwise unappealable order when it is “of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.” 28 U.S.C. § 1292(b) (emphasis added). Both the legislative history of Section 1292(b) and the case law emphasize that appellate courts should only grant interlocutory appeals under rare circumstances.[2]
*1007 In general, a question of law is “controlling” within the meaning of Section 1292(b) only if our resolution of that issue could have an immediate impact on the course of the litigation. In past cases we have held that a question regarding the theory on which damages may be recovered cannot be controlling where the issue of liability remains undecided. See Quad Dimension, Inc. v. Sage Alerting Sys., Inc., 69 Fed.Appx. 448, 449 (Fed.Cir.2003) (denying a Section 1292(b) petition for permission to appeal a damages issue because the district court had not yet tried the issues of patent infringement and invalidity); Johnson Elec. N. Am. Inc. v. Mabuchi Motor Am. Corp., 111 F.3d 142 (Fed.Cir.1997) (denying a Section 1292(b) petition for permission to appeal summary judgment on a damages issue); see also United States v. Rent-A-Homes Sys. of Ill., Inc., 602 F.2d 795, 797 (7th Cir.1979) (quoting an earlier decision of the court, holding that where no violation of the Fair Housing Act of 1968 had been established at the district court level, “any question of the propriety of compensatory damages [was] premature for [the appellate] court’s consideration”). As we noted in Ultra-Precision Mfg. Ltd. v. Ford Motor Co., 338 F.3d 1353 (Fed.Cir.2003), in the context of a Rule 54(b) appeal, “[w]ithout a determination of liability, there can be no damages and therefore any appeal on the quantum of relief available at this stage is premature and would be advisory.” Id. at 1359.
The only instance where we granted a Section 1292(b) petition pertaining to a question on damages was Studiengesellschaft Kohle, v. Shell Oil Co., 77 F.3d 502 (Fed.Cir.1995). However, in Studienge-sellschaft, the district court had already determined liability when the damages issue reached our court.
In Fujitsu, the issue of liability for patent infringement remains undecided. Therefore, granting this appeal on the lost profits issue would not resolve any controlling question of law.
Accordingly,
It Is Ordered That:
The petition for permission to appeal is denied.

. The '737 patent and the '163 patent are the only patents covered by the district court's May 23, 2013 order, although there are other patents in the litigation. FNC is not a party to the action giving rise to the May 23, 2013 order.

. Green Edge Enters., LLC v. Rubber Mulch Etc., LLC, 450 Fed.Appx. 978, 979 (Fed.Cir.2011); Union Cnty., Iowa v. Piper Jaffray & Co., 525 F.3d 643, 646 (8th Cir.2008) (" ‘[I]n-terlocutory appeals should ... be granted sparingly and with discrimination.'" (citations omitted)); Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir.1996) ("Section 1292(b)'s legislative history reveals that ... it is a rare exception to the final judgment rule that generally prohibits piecemeal ap *1007 peals.”); United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir.1966) ("The legislative history of subsection (b) of section 1292 ... indicates that it was to be used only in extraordinary cases[.]”); Milbert v. Bison Labs., Inc., 260 F.2d 431, 433 (3d Cir.1958) ("It is quite apparent from the legislative history of the Act of September 2, 1958 that Congress intended that section 1292(b) should be sparingly applied.”).