**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRED KENNETH MACDONALD, | No. 12-55949 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-01088-IEG-KSC |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Senior District Judge, Presiding

Argued and Submitted February 7, 2014
Pasadena, California

Before: PREGERSON, MURPHY[**], and BERZON, Circuit Judges.

Appellant Fred Kenneth MacDonald voluntarily dismissed his case without

prejudice after the district court dismissed some of his claims based on motions of

the government and the individual defendants. On appeal, he seeks review of the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S.
Court of Appeals for the Tenth Circuit, sitting by designation.

district court's orders regarding those motions to dismiss. We lack jurisdiction over his appeal.

"Under the final judgment rule embodied in 28 U.S.C. § 1291, the courts of appeal have jurisdiction over 'appeals from all final decisions of the district courts of the United States.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010). In general, "[a] district court order is . . . not appealable unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b)." *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008). And a "voluntary dismissal without prejudice is ordinarily not a final judgment from which the plaintiff may appeal." *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) (emphasis omitted).

We have recognized two exceptions to this general rule. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1066-69 (9th Cir. 2002); *Romoland*, 548 F.3d at 750-51. MacDonald's appeal falls into neither one.

1. Under the first exception, in certain limited circumstances we may review a judgment entered by a district court after "a party that has suffered an adverse partial judgment subsequently dismisses remaining claims without prejudice." *James*, 283 F.3d at 1070. The *James* exception is not available here, for a number of reasons.

2

First, MacDonald did not dismiss only the "remaining claims" that survived the district court's orders; instead, he explicitly sought dismissal of his entire case. *Cf. id.* at 1065. Second, in *James*, the appellant sought an appealable judgment, and the district court entered a "final judgment" on the claims on appeal, intending to grant a final, appealable judgment. *Id.* at 1068. That the district court made that determination demonstrated that it deemed "its adjudication of those claims was ripe for review," basically the functional equivalent of a partial judgment under Rule 54(b). *Id.* at 1068-69. No such determination was made here, and no judgment was entered. Instead, the district court believed that the claims were *not* ripe for review, and *denied* MacDonald's request for certification of an interlocutory appeal under 28 U.S.C. § 1292(b).

Further, in contrast to *James*, MacDonald's actions provide evidence that he sought to circumvent the district court's gatekeeping roles under Federal Rule of Civil Procedure 54(b) and § 1292(b) and thereby to manufacture appellate jurisdiction improperly. *Id.* at 1066-69. MacDonald first made a §1292(b) motion, and only voluntarily dismissed his entire case after it was denied. When doing so, he did not make clear to the district court that he planned to appeal any portion of the case. Instead, his request to dismiss the entire case communicated that he did not intend to proceed with *any* of his claims. As a result, the district court's

3

decision to allow the voluntary dismissal "did not imply its intent to grant . . . a final appealable judgment," similar to the grant of a Rule 54(b) motion, unlike in *James*. *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 888-89 (9th Cir. 2003) (quoting *James*, 283 F.3d at 1068) (internal quotation marks omitted).

It was only immediately *after* the district court dismissed the case in its entirety that MacDonald informed the court that he intended to "stand on the Second Amended Complaint" and take an immediate appeal. At that point, having already dismissed the case without prejudice, the district court could no longer consider whether to issue a final appealable judgment, and did not. Moreover, it is unlikely that the court would have issued any such judgment, in light of its denial of the § 1292(b) request and the close relationship between the dismissed and unadjudicated claims.

In short, unlike in *James*, MacDonald's voluntary dismissal did not allow the district court to exercise its discretion as to whether to grant the functional equivalent of a partial judgment under Rule 54(b).

2. MacDonald's appeal also does not fall into the second exception, which permits us in limited circumstances to treat a dismissal without prejudice as one with prejudice, where that designation is consistent with the clear, consistent intent

4

of the court and the parties. *See Romoland*, 548 F.3d at 750; *Concha*, 62 F.3d at 1508-09.

Here, there was no clear, consistent intent that the voluntary dismissal be with prejudice. After MacDonald requested dismissal, the government argued to the district court that MacDonald should be required to pay its fees and costs if the case were dismissed without prejudice, or alternatively the dismissal should be with prejudice. The district court explicitly granted MacDonald's request for dismissal without prejudice over the government's objection. So MacDonald had reason to seek dismissal without prejudice, and the district court's intent was to grant that variety of dismissal.

In contrast, in *Romoland*, the plaintiffs sought dismissal of their claims against one defendant, directly telling the district court it sought "final judgment for purposes of appeal," but the order of dismissal was silent as to whether the dismissal was with prejudice. 548 F.3d at 740. And in *Concha*, both parties understood that dismissal was sought in order to permit an appeal, which could only be effectuated through a dismissal with prejudice. 62 F.3d at 1508-09.

Further, MacDonald's behavior after the dismissal confirms that he had not at the time of its entry intended the dismissal to be with prejudice, and that he believed the remaining claims could be revived. Unlike in *Romoland*,

5

MacDonald's dismissal was not only of unadjudicated claims, but rather of the entire case, including the Fifth Amendment claim for which he had successfully opposed dismissal. After his successful defense of it, it would have seemed unlikely that he intended to dismiss that claim with prejudice.

Further, on appeal, MacDonald continued to treat the Fifth Amendment claim, which the district court had declined to dismiss, as part of his case. He argued its merits in his appellate briefs. He also argued that the unserved defendants should be maintained in the appeal. Although MacDonald suggested at oral argument, once it became evident that the panel was concerned about its jurisdiction, that he would now be willing to abandon the Fifth Amendment claim, that turnabout came too late, given what had come before; the relevant issue is whether the dismissal was with or without prejudice when approved by the district court. In *Romoland*, in contrast, the appellants' filings and oral representations consistently showed the intent to dismiss with prejudice before the district court and throughout the appeal, including at oral argument. 548 F.3d at 750.

Accordingly, we dismiss MacDonald's appeal for lack of appellate jurisdiction.

DISMISSED.

6