**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL T. BROOKS, | No. 19-35547 |
| Plaintiff-Appellant, | D.C. No. 6:15-cv-00983-MK |
| v. | |
| AGATE RESOURCES, INC., DBA Agate Healthcare (Oregon ABN 695284-96), DBA Apropo Benefits Management, LLC, DBA Employers Health Alliance, LLC, DBA Health Policy Research Northwest, DBA Lane Home Medical, LLC, DBA Lane Individual Practice Association, Inc., DBA Trillium Advantage, DBA Trillium Community Health Plan, DBA Trillium Community Health Plan, Inc., DBA Trillium Community Health Plan, LLC, DBA Trillium Coordinate Care Organization, Inc., DBA Trillium Medicare, DBA Trillium Sprout, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 3, 2020[**]

Before: TROTT, SILVERMAN, and NR SMITH, Circuit Judges

Plaintiff Michael Brooks appeals following the district court's dismissal of his amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The magistrate judges acted within their authority by ruling on non-dispositive pretrial matters and issuing a Findings and Recommendation (F&R) on the defendant's motion to dismiss the amended complaint. 28 U.S.C. § 636(b)(1); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259-60 (9th Cir. 2013). The district judge properly reviewed the F&R and plaintiff's objections de novo. 28 U.S.C. § 636(b)(1). None of plaintiff's statements, even if taken as true, plausibly allege judicial misconduct. *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178-80 (9th Cir. 2005) (setting forth the standard).

The district court did not abuse its broad discretion by denying counsel's sixth extension of time for discovery after ordering that no further extensions of time would be allowed absent good cause because the case had been pending almost two years. Nor did the court abuse its discretion by later deferring

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

additional discovery until after the court ruled on the motion to dismiss the amended complaint. Plaintiff had ample time to conduct discovery while he was represented by counsel. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (setting forth the clear abuse of discretion standard of review); *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007) (holding that the district court did not abuse its discretion by denying a motion to extend the discovery deadline when the party had "nearly five months to conduct discovery").

The district court did not abuse its discretion by requiring plaintiff to provide a privilege log when he requested that defense counsel return documents produced by plaintiff's attorney during discovery. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (holding "that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege"); *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989) (recognizing that "the district court may adopt the 'privilege log' approach").

The district court did not abuse its discretion by denying plaintiff's motion to sanction counsel. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 912-13 (9th Cir. 2001) (setting forth the standard of review). Neither the production of documents by plaintiff's counsel during discovery nor the fact that counsel conferred

regarding discovery constitutes wrongdoing or criminal conduct. There is no evidence of a conspiracy or any conduct that would warrant sanctions. Moreover, defense counsel offered to destroy or return to plaintiff any documents that plaintiff identified as privileged. Nor did the district court err by denying plaintiff's motion for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (setting for the § 1292(b) elements). This court similarly denied plaintiff permission to appeal when he raised most of the same issues in 2018. *Brooks v. U.S. Dist. Ct.*, No. 17-73242 (9th Cir. Mar. 1, 2018) (Order).

The district court acted well within its discretion when it reasonably granted a 60-day extension of time for plaintiff to respond to the motion to dismiss and indicated that no further extensions would be granted because the case had been pending three years. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (setting forth the standard of review). Similarly, the magistrate judge properly ordered that objections to the F&R be filed by the statutory deadline for objections set forth in 28 U.S.C. § 636(b)(1).

The district court did not abuse its discretion by holding that plaintiff had not established exceptional circumstances that would require appointment of counsel. Plaintiff had previously litigated at least two federal lawsuits against the

4

defendant, had been represented throughout most of the lawsuit, was generally familiar with the rules, had already responded to the motion to dismiss, and had drafted the amended complaint with the assistance of pro bono counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and exceptional circumstances test).

The district court did not abuse its discretion when it sealed only the medical records attached to plaintiff's objections. Plaintiff gave no compelling reasons for sealing the remainder of the objections. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (holding that we review for an abuse of discretion and that a court may seal records only for "a compelling reason").

Contrary to plaintiff's claim, the defendant properly filed its corporate disclosure statements.

Plaintiff waived specific challenges to the dismissal of his claims in his opening brief. *Frank v. Schultz*, 808 F.3d 762, 763 n.3 (9th Cir. 2015) (per curiam). In any event, the district court properly dismissed the amended complaint for failure to state a claim. Plaintiff failed to state a Sarbanes-Oxley whistle blower claim because he failed to allege that he worked for a publically traded company or a subcontractor of a publically traded company. *Lawson v. FMR LLC*,

571 U.S. 429, 432-33 (2014) (holding that Sarbanes-Oxley protects employees of publically traded companies and private contractors of those public companies). The Privacy Act whistle blower claim was properly dismissed because he failed to allege that his employer was a federal governmental agency. *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985). The Dodd-Frank claim fails because plaintiff did not allege that he filed a securities fraud complaint with the SEC before his termination. *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 778 (2018). Plaintiff has not shown that he can cure these deficiencies by amendment.

The national origin and religious discrimination claims and Affordable Care Act claims are unexhausted and/or untimely. *Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 271-72 (9th Cir. 1981) (holding that the district court properly dismissed race, color, and religious discrimination claims where the plaintiff only included sex and national origin claims in his administrative complaint); 29 U.S.C. § 218c(b)(1); 15 U.S.C. § 2087(b)(1); 29 C.F.R. § 1984.103(d) (requiring that the complainant file an administrative complaint within 180 days of the violation).

The Oregon whistle blowing claims alleged under sections 659A.199 and 659A.230 of the Oregon Revised Statutes are barred by the statute of limitations. Or. Rev. Stat. § 659A.875.

The defamation claims made in conjunction with plaintiff's employment are also barred by the statute of limitations. Or. Rev. Stat. § 12.120(2). Plaintiff's defamation claims for statements made in judicial and quasi-judicial proceedings are barred by absolute privilege. *Wallulis v. Dymowski*, 918 P.2d 755, 761 (Or. 1996) (En Banc).

Plaintiff failed to allege facts to support a prima facie case for the remainder of his claims. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must allege more than the conclusory elements of the claim). Plaintiff has not established that these claims could be saved by amendment. The district court acted well within its discretion by dismissing with prejudice. It had already granted leave to amend almost three years into the lawsuit and after the discovery deadline had been extended five times and had expired. *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010) (noting that a "district court's discretion to deny leave to amend is particularly broad where a plaintiff previously has amended the complaint").

We decline to consider arguments and allegations raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). We do not consider documents not filed with the district court. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

AFFIRMED.